## STATE v. JAMES CHARLES DAVIS.

(Filed 20 March 1968.)

**1. Criminal Law § 164—**

The sufficiency of the evidence of the State in a criminal case is reviewable upon appeal without regard to whether a motion has been made pursuant to G.S. 15-173 in the trial court. G.S. 15-173.1.

**2. Robbery § 4—**

> Evidence in this case *held* sufficient to be submitted to the jury on the issue of defendant's guilt of armed robbery. G.S. 14-87.

APPEAL by defendant from *Snepp, J.*, September 4, 1967 Schedule "C" Session of MECKLENBURG.

Defendant was tried on a bill of indictment which charged him with the armed robbery, as defined in G.S. 14-87, of Donald R. Jones on January 29, 1967. He was represented at trial by privately retained counsel.

The State's evidence, in brief summary, tends to show: Jones was a taxi driver. About midnight on Saturday, January 28, 1967, in front of the bus station in Charlotte, North Carolina, defendant got into the front seat of the cab with Jones and gave directions that he be taken to an address on Burton Street. Upon arrival in the Burton Street area, defendant by means of a pistol drawn on Jones took from his person the cab company's money and the money from Jones's personal billfold. Jones was constantly put in fear his life would be taken until defendant left him. Defendant was arrested on or about February 3, 1967, in the Burton Street area. He was positively identified by Jones as the man who had robbed him.

Defendant's testimony tends to show that he was not involved in any way in the alleged robbery referred to in the State's evidence.

The jury returned a verdict of guilty as charged in the bill of indictment; and the court pronounced judgment imposing a prison sentence of thirty years.

Defendant gave notice of appeal.

Defendant's privately retained counsel was permitted to withdraw. Thereupon, the court, on account of defendant's indigency, appointed defendant's present counsel to represent him on appeal and ordered Mecklenburg County to pay all necessary costs incident to such appeal.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Lila Bellar for defendant appellant.*

PER CURIAM. Defendant's brief brings forward the contentions (1) that judgment as in case of nonsuit should have been entered, and (2) that the verdict is contrary to the greater weight of the evidence.

Our attention is directed to the 1967 Act (S.L. 1967, c. 762), now codified as G.S. 15-173.1, which provides: ".The sufficiency of

the evidence of the State in a criminal case is reviewable upon appeal without regard to whether a motion has been made pursuant to G.S. 15-173 in the trial court." Even so, there was plenary evidence that defendant is guilty as charged. Motion(s) for judgment as in case of nonsuit, if made in apt time, would have been without merit.

It seems clear the verdict is in accord with the greater weight of the evidence. In any event, whether the verdict should be set aside as contrary to the greater weight of the evidence is for determination by the trial judge in his discretion. Certainly no abuse of discretion has been shown.

Since defendant's assignments do not disclose error, the verdict and judgment will not be disturbed.

No error.