STATE OF NORTH CAROLINA v. HURLEY CANADY
No. 7019SC159

(Filed 27 May 1970)

**Robbery § 4—    armed robbery — sufficiency of evidence**
  Testimony by armed robbery victim, including identification of defend-
  ant, was sufficient for submission of case to the jury.

APPEAL by defendant from *Martin, S.J.,* October 1969 Session,
CABARRUS Superior Court.

By bill of indictment sufficient in form, defendant was charged
with armed robbery on 30 July 1969. He pleaded not guilty, a jury
found him guilty as charged, and from judgment imposing active
prison sentence of not less than 17 nor more than 20 years defend-
ant appealed.

*Attorney General Robert Morgan and Deputy Attorney General
Harrison Lewis for the State.*

*Webster S. Medlin for defendant appellant.*

BRITT, J.

The only question presented in defendant's brief is stated as
follows: "Was the State's evidence sufficient to warrant its sub-
mission to the jury and upon which to base a verdict of guilty?"

Although the record reveals that defendant did not challenge the
sufficiency of the State's evidence at trial, he contends that such
evidence is reviewable on appeal under G.S. 15-173.1 which provides
as follows: "The sufficiency of the evidence of the State in a crim-
inal case is reviewable upon appeal without regard to whether a
motion has been made pursuant to G.S. 15-173 in the trial court."
Pursuant to this statute, enacted in 1967, we have reviewed the evi-
dence to test its sufficiency to support the verdict of guilty. *State v.
Davis,* 273 N.C. 349, 160 S.E. 2d 75 (1968).

The testimony of William Junior Hodges (Hodges), the victim
of the armed robbery and the State's key witness, is summarized as
follows: Around 5:00 a.m. on 30 July 1969, Hodges was sole at-
tendant at the U-Save Service Station in Cabarrus County. He had
just finished waiting on a customer, put the money from the sale in
a box, and walked out to the side of the service station lot near his
car when defendant and another man ran up behind him. The other
man was wearing a stocking over his face and Hodges could not

identify him. Defendant had a sawed-off shotgun and held it on Hodges. Defendant's accomplice ordered Hodges to "hand over the money" after which Hodges told him the money was in a box in the station building. While defendant with his shotgun stayed with Hodges, the other man went into the building, got the money (approximately $350) and returned to where Hodges and defendant were. Defendant and the other person then forced Hodges to go with them back of a building some 200 yards from the station where they took a wallet, some cigarettes, a cigarette lighter, a wristwatch, a pocket knife, a 32-caliber pistol and $200.00 from Hodges' person. They then told Hodges to run up the road. Defendant was in Hodges' presence some ten or fifteen minutes and the service station lot was very well lighted. As soon as defendant and his accomplice left Hodges, he returned to the station and called the police. About a week later he saw defendant in jail and identified him as one of the persons who robbed him.

We conclude that the evidence was more than sufficient to warrant its submission to the jury and to support the jury's verdict of guilty of armed robbery.

Although the other points discussed in defendant's brief are not supported by exceptions in the record, we have carefully considered them and conclude they are without merit. The defendant had a fair trial, free from prejudicial error, and the sentence imposed was well within statutory limits. G.S. 14-87.

No error.

BROCK and HEDRICK, JJ., concur.