## STATE v. JARRELL.

(Filed February 27, 1906).

*Homicide —Evidence —Res Gestae —Common Purpose —Principal and Accessory—Aiding and Abetting.*

1. In an indictment for murder against two defendants, the statement by one of the defendants to the deceased and his companion, "We will whip you in a minute," made at the time of the attack and while the two defendants were together and both were running down the road toward the deceased and his companion with the evident purpose and common design of making an attack on them, was competent as a part of the *res gestae* and as evidence of the common purpose on the part of both to attack deceased and his companion.

2. Where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty.

3. A principal in the second degree is not an accessory, but a co-principal.

4. The rule that an accessory cannot be tried and convicted before the principal has no application as between two principals in first and second degrees.

5. In an indictment for murder where the evidence tends to prove that defendant jumped out of the buggy simultaneously with his companion and ran with him towards the deceased, that he either heard or made the remark, "We will whip you in a minute," and that though he must have seen his companion draw his knife, made no effort to stop the murderous assault, but on the contrary threatened deceased's companion and said, "If you get off your horse, I will eat you up," *held*, the evidence was sufficient to go to the jury that defendant was present for the purpose of aiding and abetting his companion and is consequently a co-principal.

INDICTMENT against Burton Jarrell and one Garfield Hicks, as co-principals in the murder of W. G. King, heard by *Judge B. F. Long* and a jury, at the December Special Term, 1905, of the Superior Court of WARREN.

The jury failed to agree as to Hicks and were discharged. They rendered a verdict of murder in the second degree as to Jarrell, and from the judgment pronounced, he appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*J. C. L. Harris & Son* for the defendant.

BROWN, J. There was evidence tending to prove that the deceased and one Barnes were riding in company on the public road in Warren County when they were accosted by some one in a buggy, who said, "Look out, give us the road." The persons in the buggy were the prisoners, Hicks and Jarrell. After some words the deceased said, "You can pass, but we would like to know what you are fussing about." Each prisoner at once jumped out of the buggy. Both ran down the road towards the deceased and Barnes and at the same time one of the defendants said, "We will whip you in a minute." When Hicks got in four or five steps he drew his knife and turned to the deceased and said, "No damn white man could run over him." He had the knife in his hand. The deceased struck him with the lash of his buggy whip. Hicks struck the deceased with his knife and cut his throat, from which wound the deceased shortly afterwards died. In the mean time Jarrell said to Barnes, "If you get off your horse I will eat you up."

The defendant Jarrell excepted to the ruling of the court, admitting the statement, "We will whip you in a minute," upon the ground that it was not proved which one of the defendants made it. We think this exception without merit. At the time the threat was made the two defendants were together. Both were running down the road towards the deceased and Barnes with the evident purpose and common design, if the evidence is believed, of making an attack on them. This declaration made, as it was, at the time of the attack, was not only a part of the *res gestae* (the essential

circumstances surrounding the transaction), but, being made in the hearing of both defendants, it was competent evidence of a common purpose on the part of both to attack Barnes and the deceased. There is nothing in *Matthews' case,* 78 N. C., 535, cited by defendant's counsel, which controverts this.

The principal exceptions relied upon by Mr. Charles Harris in his well considered argument and brief for the defendant Jarrell, relate to the insufficiency of the evidence to convict Jarrell of any participation in the offense, and also to the defendant's contention that inasmuch as Hicks has not been convicted as yet, Jarrell cannot legally be convicted and sentenced for murder in the second degree. We will first consider this last contention, for if it is sound there would be no need to examine the other.

If Jarrell had been indicted as an accessory before or after the fact there would be much in the contention. But he is indicted as a principal. There is practically now no degrees as to principals, as Bishop, Wharton and other writers state. One principal can be convicted when the other has not been tried. 1 Bishop Cr. Law (8 Ed.), sec. 604. Where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty. A principal in the second degree is not an accessory, but a co-principal. *Whitt's case,* 113 N. C., 716; *Wallace's case,* 1 Salk, 334, is exactly in point, where *Chief Justice Holt* ruled that where one principal was acquitted at a former trial, it was no bar to the trial of the others in the indictment. See also *Brown v. State,* 28 Ga., 199. The rule that an accessory cannot be tried and convicted before the principal has no application as between principals in first and second degrees. 1 McClain, sec. 216.

As to the other contention so earnestly pressed by counsel, we are of opinion that there was evidence sufficient to go to the jury that Jarrell was present at the time of the homicide

for the purpose of aiding and abetting Hicks, and is consequently a co-principal. The learned judge who tried the case in the court below presented this feature of the case to the jury with clearness.

The evidence tends to prove that the defendant Jarrell jumped out of the buggy simultaneously with Hicks and ran with him towards the deceased; that he either heard or made the remark, "We will whip you in a minute." If he heard it he was made aware of Hicks' purpose. He must have seen Hicks draw his knife, if the evidence is believed, and he made no effort to stop the murderous assault. On the contrary, he threatened Barnes and said, "If you get off your horse I will eat you up." He thereby endeavored to prevent Barnes going to the rescue of his companion, and made no effort himself to stop the homicidal assault with the knife. It is a fair inference from the evidence that the presence of Jarrell at the homicide was not accidental, but that he was purposely there. That fact itself is evidence, but no more than evidence to go to the jury. 1 Wharton Cr. Law, sec. 211. There is much in the conduct of Jarrell, according to the evidence, which indicates a design to encourage and aid Hicks in the assault. "When the bystander is a friend of the perpetrator and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as encouraging." Wharton, *supra,* sec. 211a, who cites many cases in support of the text. Jarrell was in a situation to be able readily to go to Hicks' assistance if necessary. The knowledge of this was calculated to give additional confidence to Hicks. In contemplation of law this is aiding and abetting. *Ibid.,* sec. 211a; *Thompson v. Com.,* 1 Metc., (Ky.), 13; *State v. Douglass,* 38 La. Ann., 523; 15 Cox Cr. Cases, 51, 52. "If A comes and kills a man and B runs with intent to be assisting him, if there should be occasion, though *de facto* he

doth nothing, yet he is principal, being present." Hale P. C., 439.

We have examined the other exceptions relating to the admission of evidence and think they are without merit.

No Error.