The defendant MeHaffey, together with Lloyd Harkins and Nell Coffey, wife of the deceased, were tried upon a bill of indictment charging them with the murder of J. T. Coffey and with conspiracy to kill said Coffey.
The evidence tended to show that the deceased had been convicted of a violation of the prohibition law and confined to the common jail of Haywood County. The defendant, Nell Coffey, his wife, who was a double first cousin of the defendant Harkins, visited him while in jail from time to time. The deceased Coffey was released prior to the completion of his sentence and conceived the idea that there was intimate relation between his wife, Nell Coffey, and the defendant Harkins. On Sunday, 12 September, all the defendants were at Coffey's house, and Coffey had some conversation with Harkins about rumors in the neighborhood concerning his wife. The defendant Harkins suggested that he take the matter to court and have it determined. During the course of the conversation Coffey told the defendant Harkins not to take his wife in his car any more until the matter had been straightened out. Coffey was drinking and continued his drinking during the afternoon. After the defendants, MeHaffey and Harkins, had left the house of the deceased the deceased began to curse his wife, the defendant, Nell Coffey, saying, "He would take a gun and would not leave anything standing in five miles." The violence of the deceased put her in fear, and she left home and went out upon the highway, and in a short time the defendant, Lloyd Harkins, approached in an automobile in which were riding the defendant, MeHaffey, and his wife, and two small children. Mrs. Coffey appealed to them for protection, stating that her husband had threatened her and caused her to leave home, and that she was afraid to return home and spend the night, stating further that she would go to the home of her sister, Mrs. Ed Trull, and spend the night and return home after her husband became sober. After driving around for some time the party went to the home of Ed Trull and arrived there after dark. Just as they arrived at Trull's house the deceased came up to the car in a threatening and violent manner, ordering his wife to get out of the car, threatening "to shoot every damn thing in the car." He repeated this statement three or four times as he was approaching the car. The defendant, Harkins, contended that as the deceased approached him in the dark, using this threatening language, that he was put in fear of death or great bodily harm, and as the deceased reached the car he fired one shot, which killed the deceased.
Bowers, a witness for the State, testified that MeHaffey got out of the car and went around the car and shot the deceased. It appeared that only one shot was fired, and the defendant Harkins admitted the shooting. The deceased, Coffey, and the MeHaffey family had been very *Page 30 
friendly and had visited each other from time to time, and there was no evidence of any ill-will existing between them and the deceased.
The jury convicted the defendant Harkins of murder in the second degree and the defendant MeHaffey of manslaughter, and acquitted the defendant Nell Coffey.
From the judgment of the court, sentencing the defendant Harkins to a term of fourteen years in the State prison and the defendant MeHaffey for a term of eight years, both of said defendants appealed.
The trial judge charged the jury as follows: "Gentlemen, if you shall find from the evidence, beyond a reasonable doubt, that Odell MeHaffey, with malice aforethought, intentionally fired a pistol at the deceased, J. T. Coffey, and killed him, and you fail to find beyond a reasonable doubt that the killing was done with premeditation and deliberation, then it would be your duty to return a verdict of guilty of murder in the second degree against Odell MeHaffey." "If you shall find from the evidence beyond a reasonable doubt that Lloyd Harkins, with malice aforethought, intentionally fired a pistol at the deceased, J. T. Coffey, and killed him; and if you shall fail to find beyond a reasonable doubt that at the time of the killing it was done with premeditation and deliberation, then it would be your duty to return a verdict of guilty of murder in the second degree against the defendant, Lloyd Harkins."
The learned trial judge correctly stated the law as to the right of self-defense in other portions of the charge, but the peremptory instructions above given, to all practical purposes, deprived the defendants of the force of such defense, and must be held as error.
The court further charged the jury: "If you shall find from the evidence beyond a reasonable doubt that the defendant, Lloyd Harkins, without malice and without premeditation and deliberation, fired the pistol at J. T. Coffey and killed him, then it would be your duty to return a verdict of guilty of manslaughter against him unless you shall find from the evidence the existence of such facts and circumstances as would excuse it on the ground of self-defense, and if you should find that the other two defendants were present at the time the fatal shot was fired and the defendant Harkins was not excusable at the time he fired the shot, that he was guilty of manslaughter, and the other two defendants or either of them were present for the purpose of aiding and abetting and assisting they, too, would be guilty of manslaughter, or if *Page 31 
you should find that one of them was present with that intention, then that one would be guilty."
"If you should find from the evidence, beyond a reasonable doubt, that the defendant Odell MeHaffey, without malice and without premeditation and deliberation, fired the fatal shot with a pistol and killed J. T. Coffey, then it would be your duty to return a verdict of guilty of manslaughter against Odell MeHaffey, unless he has shown by the evidence the existence of such circumstances as will excuse it on the ground of self-defense, and if you should find Odell MeHaffey guilty of manslaughter, and if you find from the evidence, beyond a reasonable doubt, that the other two defendants, or either of them, were present for the purpose of aiding, assisting and abetting and encouraging MeHaffey in the perpetration of the crime, then it would be your duty to return a verdict of guilty of manslaughter against the two, or against the one, as you shall find from the evidence."
Abstractly, these instructions are correct, but upon close scrutiny and examination of the record, we fail to find any evidence of aiding and abetting as defined by law, and the exceptions of the defendants to the instructions must be upheld. S. v. Jarrell, 141 N.C. 722; S. v. Hart,186 N.C. 582; S. v. Baldwin, 193 N.C. 567.
There are other exceptions in the record, but by reason of the fact that a new trial is awarded, we refrain from comment in order that both the State and the defendants may have a fair and impartial trial upon the merits of the case.
New trial.