STATE v. CHARLES DEWEY PEEDEN and MARSHALL JOSEPH JARVIS.

(Filed 14 December, 1960.)

**1. Criminal Law § 162—**

Where the record fails to show what the witness would have testified had he been permitted to answer questions asked by defendant's counsel on cross examination, the exclusion of the testimony cannot be held prejudicial.

**2. Criminal Law § 9—**

Where two or more persons aid and abet each other in the commission of a crime, all being present, each is a principal and equally guilty regardless of any conspiracy or previous confederation or design.

**3. Homicide § 20—**

Evidence that both defendants aided and abetted each other in committing the felonious assault resulting in the death of the deceased is sufficient to sustain the conviction of both, regardless of which inflicted the fatal injury.

**4. Criminal Law § 161—**

An exception to the charge cannot be sustained if it is free from legal error when construed contextually.

APPEAL by defendant Jarvis from *Sharp, Special Judge*, 8 August Special Criminal Term, 1960, of GUILFORD (Greensboro Division).

This is a criminal action tried upon a bill of indictment charging Marshall Joseph Jarvis and Charles Dewey Peeden with the murder of Walter Cary Washburn on 14 January 1960. The defendants entered a plea of not guilty and the Solicitor announced that the State would not seek a verdict of murder in the first degree but would seek conviction upon the charge of murder in the second degree or manslaughter, whichever the evidence might warrant.

The State offered evidence to the effect that the deceased and a companion, Wayne Eagle, stopped at Long's Service Station, located north of Greensboro on Highway No. 220; that Eagle went inside the service station and purchased two cans of beer and left to go to Greensboro; that the deceased, Washburn, asked Eagle if that was his wife in the car with Jarvis and Peeden. Eagle said he did not see them. Washburn asked Eagle if he wanted to go back, and Eagle told him he did not. Then Eagle decided to go back and ask about his baby. Eagle and his wife were living separate and apart at the time; their baby had been sick, and upon inquiry Eagle's wife said the baby was all right. Then Peeden, the driver of the car in which Jarvis and Eagle's wife were riding and which was parked at Long's Service Station, got out of the car and got into the Wash-

burn car with Washburn and Eagle. Peeden told Eagle that he was not with his wife and that he didn't want any trouble; he said that Jarvis was with her and if he wanted to fight Jarvis that he could get out of the car and fight.

The evidence tends to show that immediately thereafter Jarvis walked up beside Peeden, who was still in the Washburn car, and handed him (Peeden) something. Peeden held it down beside the seat and Eagle could not see what it was. According to Eagle's testimony, "Joe Jarvis said that if I wanted to fight him, to get out. I told him I didn't want any trouble with them."

Eagle and Washburn, upon leaving the service station, were followed by Jarvis and Peeden. The defendants passed Eagle and Washburn and caused their car to stop. A fight ensued and Jarvis and Washburn had Eagle down in the road and Eagle was seriously cut with a knife. Eagle testified that both Jarvis and Peeden attacked him, but he did not know which one cut him. Washburn came to Eagle's defense, armed with a bumper jack. Jarvis was scuffling with Washburn while Eagle was kept on the ground by Peeden. Washburn died from loss of blood from a wound in the seventh intercostal space.

The defendant Jarvis' evidence was in conflict with that of the State's to the effect that he and Peeden were victims of an assault by Washburn using a jack, and that he, Jarvis, did not do any cutting. Peeden admitted to the investigating officers that he cut Eagle and Washburn. Washburn never regained consciousness and, therefore, never made any statement about the fight after his arrival at the hospital where he died the next day.

From a verdict of murder in the second degree as to each defendant and judgment pronounced thereon, the defendant Peeden did not appeal, Jarvis did appeal, assigning error.

*Attorney General Bruton, Asst. Attorney General Hooper for the State.*

*T. Glenn Henderson for defendant Jarvis.*

DENNY, J. The defendant assigns as error the ruling of the court below in sustaining the State's objection to two questions propounded to the State's chief witness, Wayne Eagle, by the defendants' counsel on cross-examination. The record does not indicate what answers the witness would have given if permitted to answer. Therefore, the ruling cannot be held as prejudicial. *Westmoreland v. R. R.*, 253 N.C. 197, 116 S.E. 2d 350; *S. v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342. This assignment of error is overruled.

The defendant further assigns as error the refusal of the court below to grant his motion for judgment as of nonsuit at the close of all the evidence. G.S. 15-173.

The defendant contends that the State did not prosecute the defendants for or rely upon murder growing out of conspiracy, and, further, that there was no testimony offered in the trial below tending to show that there was any conspiracy, agreement, confederation, or understanding between the defendants that they would murder the deceased or his companion. Therefore, the defendant Jarvis insists that his motion for judgment as of nonsuit should have been allowed.

In the case of *S. v. Spencer*, 239 N.C. 604, 80 S.E. 2d 670, this Court, speaking through *Parker, J.*, said: "It is thoroughly established law in North Carolina that without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Jarrell*, 141 N.C. 722, 53 S.E. 127; *S. v. Hart*, 186 N.C. 582, 120 S.E. 345; *S. v. Beal*, 199 N.C. 278, 154 S.E. 604; *S. v. Donnell*, 202 N.C. 782, 164 S.E. 352; *S. v. Gosnell*, 208 N.C. 401, 181 S.E. 323; *S. v. Brooks*, 228 N.C. 68, 44 S.E. 2d 482; *S. v. Church*, 231 N.C. 39, 55 S.E. 2d 792."

In our opinion, the evidence adduced in the trial below was sufficient to carry the case to the jury as to both defendants. This assignment of error is likewise overruled.

The defendant brings up for review excerpts from certain portions of the court's charge to the jury, but upon an examination of these assignments of error, in our opinion, no prejudicial error has been shown. Moreover, when the entire charge is considered contextually, it is free from legal error. *S. v. Werst*, 232 N.C. 330, 59 S.E. 2d 835; *S. v. Holbrook*, 228 N.C. 620, 46 S.E. 2d 843.

No error.