STATE v. ADRIAN HENRY SELLERS.

(Filed 23 March, 1966.)

**1. Criminal Law § 159—**

Exceptions not brought forward and assigned as error or discussed in defendant's brief are deemed abandoned. Rule of Practice in the Supreme Court No. 19(c).

**2. Criminal Law § 121—**

Arrest of judgment does not lie for variance between the indictment and the proof, since arrest of judgment may be allowed only for fatal defect appearing upon the face of the record proper.

**3. Criminal Law § 23—**

Unawareness at the time of entering a plea of *nolo contendere* of asserted error in connection with conviction under a prior indictment in a companion case is insufficient ground for nullifying the plea of *nolo contendere*.

**4. Criminal Law § 9;    Robbery § 4—**

Evidence tending to show that defendant collaborated with another in planning and setting the stage for a robbery and in escaping with the stolen money, and waited and watched, armed with a pistol, near enough to the scene to render aid if necessary, establishes defendant's constructive

presence when the robbery actually occurred and renders him guilty as a principal in the second degree.

MOORE, J., not sitting.

APPEALS by defendant from *Mintz, J.,* December 1965 Special Criminal Session of NEW HANOVER.

The defendant appeals from judgments imposed pursuant to two separate indictments for armed robbery. The first indictment charges that on 21 November 1965 he, with force and arms, in New Hanover County:

"[U]nlawfully, willfully, and feloniously, having in his possession and with the use and threatened use of firearms, * * * to wit: a pistol which he pointed at victim whereby the life of Ann Bryan was endangered and threatened, did * * * unlawfully, willfully, forcibly, violently and feloniously take, steal, and carry away $1,000 in money and a 1956 Chrysler automobile of the value of $2,000.00 from the presence, person, place of business, and residence of Ann Bryan * * *"

The second indictment is identical except the alleged victim was James Richard Rouse, the date of the alleged offense was 11 November 1965, and the property alleged to have been taken consisted of a brief case and books of the value of $20.00.

Through court appointed counsel, the defendant entered a plea of "not guilty" to the first (Bryan) indictment. The case was tried and the jury returned a verdict of "guilty." Thereupon, the defendant, through his counsel, entered a plea of *nolo contendere* to the charge of common law robbery to the second (Rouse) indictment, which plea was accepted by the State and by the court.

The court sentenced the defendant to confinement in the State's Prison for a term of not less than 14 nor more than 17 years in the first (Bryan) case, and to confinement therein for a term of not less than 9 nor more than 10 years in the second (Rouse) case, the latter sentence to run concurrently with that in the first (Bryan) case. No notice of appeal was then given.

After his commitment to the State's Prison, the defendant, in person, wrote to the presiding judge stating that he thereby gave notice of appeal in both cases. The court thereupon reappointed the trial counsel to represent the defendant upon these appeals. The only assignments of error are stated in the case on appeal as follows:

"In the trial of the defendant in Docket No. 9391 [the Bryan case], no exceptions were noted in the record with ref-

erence to matters deemed of sufficient importance to constitute reversible error. In the absence of such exceptions in the record, the defendant respectfully prays that this appeal be taken as constituting an exception to the judgment, bringing up the record for review by this Court for error appearing on the face thereof. In thus excepting to the judgment, the defendant moves that said judgment be arrested and a new trial granted for that the indictment was not supported by the evidence and the verdict and judgment were founded upon evidence not in support of the indictment, for the reason that the indictment charged the defendant specifically with pointing a pistol at Ann Bryan, thereby threatening and endangering her life, by means of which money and property were taken from her, whereas all of the State's evidence tended to show that said act or acts were committed by one Thomas Yopp and that the defendant Sellers at most only aided and abetted the said Thomas Yopp in the commission of said crime * * *

"In Docket No. 9393 [Rouse case] * * * the defendant entered a plea of *nolo contendere* to common law robbery only upon recommendation of assigned ˙ counsel and immediately following the defendant's conviction as aforesaid in Docket 9393 [apparently Docket 9391 — the Bryan case — intended] at which time the defendant was unaware of the error and implications thereof in the record of the case in which he had been tried and convicted and stood in fear of a second conviction on a similar charge. Accordingly, the defendant moves for arrest of judgment imposed upon him in this case for that his plea of *nolo contendere* was not made with a full understanding of its meaning and effect upon his rights * * *"

At the trial of the first (Bryan) case the defendant offered no evidence. That offered by the State consisted, in part, of statements made by this defendant to a deputy sheriff, who was his uncle by marriage, which statements the court, in accordance with the evidence, found were voluntarily made. It was amply sufficient to show:

Mrs. Bryan, a merchant, upon returning home from her store late at night, 21 November 1965, was robbed of the day's receipts, approximately $1,000, and of her Chrysler automobile. To reach her home from the store she had to drive along a paved highway and then upon a dirt road running through a· wooded area, approximately half a mile. When she drove into her yard and before she could get out of the car, a man approached, saying, "Give me your money and car keys or I will kill you." A struggle ensued in which Mrs. Bryan was severely beaten upon the head, and a pistol (ap-

parently the weapon with which she was struck) was fired over her head into the interior roof of her car. Thereupon, she surrendered the car key and the man drove away with the car and her money. She saw only one man, who was masked.

On the night in question, the defendant and one Tommy Yopp, together with a woman companion, pursuant to plans made by the defendant and Yopp to rob Mrs. Bryan upon her return to her home from the store, traveled in the defendant's Cadillac car to a point on the paved highway, near the dirt road leading to her house. Leaving the woman in the car with instructions as to her assignments, the two men, each armed with a pistol, walked to Mrs. Bryan's home and cut the telephone wire. Then, pursuant to their plan, the defendant, knowing Mrs. Bryan might recognize him if he remained, left Yopp at her house and walked back about halfway to the highway, at which point he was to wait, and did wait, so as to "be there just in case there was any trouble." When Mrs. Bryan's car approached along the dirt road, he stepped into the woods to avoid being recognized. Yopp took the money and the car from Mrs. Bryan as above described, and picked up the defendant on the way out to the highway. There they abandoned the Bryan car, got in the defendant's car with their woman companion, and returned to the apartment occupied by Yopp and her, the defendant driving his car. There the defendant and Yopp divided the money the next day, the defendant getting half of it.

The facts with reference to the second (Rouse) case are not set forth in the record.

*Attorney General Bruton and Assistant Attorney General Goodwyn for the State.*

*Joshua S. James for defendant appellant.*

PER CURIAM. The exceptions noted in the record are deemed abandoned since none of them has been brought forward as an assignment of error or discussed in the defendant's brief. Rule 19(3); Rule 28; *State v. Bittings,* 206 N.C. 798, 175 S.E. 299. However, we have examined them. We agree with his counsel that none of them relates to any reversible error.

The defendant's motion in arrest of judgment is denied in each case. Such a motion may be allowed only on the ground of a defect appearing upon the face of the record proper, which does not include the evidence introduced at the trial. Variance between indictment and proof is not ground for granting a motion in arrest of judgment. Defects which appear only by aid of evidence cannot be

the subject of such a motion. *State v. Kimball,* 261 N.C. 582, 135 S.E. 2d 568; *State v. Reel,* 254 N.C. 778, 119 S.E. 2d 876; *State v. Williams,* 253 N.C. 337, 117 S.E. 2d 444; *State v. McKnight,* 196 N.C. 259, 145 S.E. 281.

The plea of *nolo contendere* in the second (Rouse) case supports the judgment and sentence therein as sufficiently as a conviction or plea of guilty would have done. *Mintz v. Scheidt,* 241 N.C. 268, 84 S.E. 2d 882; *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695. There is no suggestion of similarity between the facts of the two cases. Even if there were reversible error in the first (Bryan) case, the significance of which defendant did not then understand, this would not nullify his plea of *nolo contendere* in the second or render defective the judgment and sentence imposed upon the basis of such plea.

Furthermore, we have reviewed the entire record and we find no such error in the first (Bryan) case. The evidence is ample to show the offense charged. The defendant and Yopp determined to rob Mrs. Bryan and went to her home together for that purpose, each armed with a pistol. Together they cut the telephone wire. Pursuant to plan, the defendant withdrew to a point en route to their get-away car to wait there "just in case there was any trouble." He was the owner and driver of the get-away car. They divided the stolen money equally — their own appraisal of the part he played in the robbery.

"When two or more persons aid and abet each other in the commission of a crime, all are principals and equally guilty." *State v. Horner,* 248 N.C. 342, 103 S.E. 2d 694. The defendant not only collaborated with Yopp in planning and setting the stage for the robbery and in escaping with the stolen money, but also waited and watched, armed with a pistol, near enough to the scene to render aid if needed. Thus, he was constructively present when the robbery actually occurred and is guilty as a principal in the second degree. *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485; *State v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5; 21 Am. Jur. 2d, Criminal Law, § 121; 22 C.J.S., Criminal Law, § 86; Wharton, Criminal Law, 12th Ed., § 256. As such, the act of Yopp in pointing the pistol at Mrs. Bryan and firing it is deemed the act of the defendant. *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241; *State v. Knotts,* 168 N.C. 173, 83 S.E. 972.

No error.

MOORE, J., not sitting.