STATE OF NORTH CAROLINA v. HENRY LEE PRICE, JR.

No. 149

(Filed 15 December 1971)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**
   In considering a trial court's denial of a motion for judgment of nonsuit, the evidence for the State, considered in the light most favorable to it, is deemed to be true, and inconsistencies or contradictions therein are disregarded.

2. **Criminal Law § 104— motion for nonsuit — consideration of defendant's evidence**
   On motion for nonsuit, evidence of the defendant which is favorable to the State is considered, but his evidence in conflict with that of the State is not considered.

3. **Criminal Law § 106— motion for nonsuit — questions presented**
   The question for the court on motion for nonsuit is whether, when the evidence is so considered, there is reasonable basis upon which the jury might find that an offense charged in the indictment has been committed and the defendant is the perpetrator, or one of the perpetrators, of it.

4. **Robbery § 1— attempted armed robbery — elements of the offense**
   An attempt to rob another of personal property, made with the use of a dangerous weapon, whereby the life of a person is endangered or threatened, is itself a completed crime and is punishable to the same extent as if the property had been taken as intended. G.S. 14-87.

5. **Robbery § 4— attempted armed robbery — sufficiency of the evidence**
   Evidence was sufficient to show that the offense of attempted armed robbery had been committed, where there was sufficient evidence to justify a jury in finding that an accomplice of defendant entered a store with the intent to rob the storekeeper, that the accomplice struck the storekeeper in the head with a blackjack for the purpose of accomplishing the intended robbery and thereby endangered his life, but that the accomplice left the store without taking any property.

State v. Price

#### 6. Criminal Law § 9— principal in the second degree

One who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means whereby the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator.

#### 7. Robbery § 4— attempted armed robbery — defendant as principal in the second degree — sufficiency of evidence

The evidence was sufficient to support a jury finding that the defendant was guilty of the attempted armed robbery of a country store, where there was evidence that (1) the defendant, who remained in the car during the attempt, instructed an accomplice to enter the store, hit the storekeeper on the head with a blackjack, and take the money; (2) the accomplice, together with a companion, entered the store and struck the storekeeper on the head with the blackjack; (3) the accomplice then struggled with the storekeeper but left the store without taking any money or other property; and (4) the defendant picked up the companion in the automobile.

APPEAL by defendant from McLean, J., at the 29 March 1971 Session of MECKLENBURG, heard prior to determination by the Court of Appeals.

The defendant was indicted for, and found guilty of, an attempt to commit armed robbery. He was sentenced to imprisonment for a term of twelve years. His only assignment of error is to the denial of his motion for judgment of nonsuit.

The evidence for the State consisted of the testimony of William Lowery, the victim, John Walker and Keith Stephens, alleged accomplices of the defendant, and Officer Styron who testified to statements made to him by Walker and Stephens. Officer Styron's testimony was admitted for the sole purpose of corroborating the testimony of Walker and Stephens. The defendant testified in his own behalf.

The evidence for the State tends to show:

In the morning of 24 December 1970, Walker, Stephens and Stephens' younger brother accompanied the defendant in the defendant's car to a point on the highway approximately a quarter of a mile from the combination filling station and grocery store at which William Lowery was working alone.

Walker was driving the car. He parked at that point pursuant to the defendant's direction.

The defendant had said that Lowery had a large sum of money on him and Walker and Stephens should go and get it. He gave Walker a blackjack, instructing him to hit Lowery on the head with it. The defendant said that he did not want to go into the store, himself, because Lowery could identify him. When Keith Stephens did not want to go with Walker, the defendant struck him with a hammer and directed him to take a gasoline can from the car and go to the store. The car was not out of gasoline. Walker and Keith Stephens went to the Lowery store as instructed, the defendant and the younger Stephens boy remaining in the car. The defendant told Walker and Keith Stephens he would give them two minutes and then pick them up at the corner by the store.

Walker and Stephens entered the store, selected several items as if desiring to purchase them and placed these on the counter beside Lowery's adding machine. When Lowery began to total the prices of these items on the machine, Walker moved behind him as if looking for other items to purchase and struck Lowery on the head with the blackjack. Lowery was knocked against his cash register but did not lose consciousness. Realizing what was occurring, he grabbed Walker and they wrestled. Stephens, standing in front of Lowery, grabbed his arm but, in the struggle, fell over some boxes. Stephens then jumped up and ran out of the door. Walker broke free from Lowery's grasp and also ran out of the door. Neither Walker nor Stephens took any property from the store or from the person of Lowery. Lowery grabbed a pistol and ran out after Walker and Stephens. He fired shots at Walker who ran into woods nearby. He saw Stephens run up the road to a car in which someone was sitting. The car drove down from where it was parked and picked up Stephens. Lowery could not identify the driver. Walker struck Lowery with the blackjack somewhat halfheartedly because, after entering the store as directed by the defendant, he "felt funny," knew he was doing wrong and did not want to kill Lowery. He went into the store with the intent to take something but abandoned the purpose and did not make an effort to take any of Lowery's property.

The defendant's testimony was to the following effect:

He did not give Walker and Stephens any instructions to go to the Lowery store. He was asleep in the car when Walker stopped it near the Lowery store, was aroused partially when someone took the gasoline can from under his feet and, observing that Walker and Keith Stephens had left the car, he decided to start it up and go to them and find out why they had taken the gasoline can. On the way to the store, Keith Stephens came running up and jumped in the car, telling the defendant "they were fighting and he was shooting at them." The defendant became frightened and drove back toward Charlotte, where he was visiting his family. He had a job in a restaurant in Columbia, South Carolina, was home for the holidays and had no need of money. He knew Lowery, having previously run a bread route through that area.

*Attorney General Morgan, Assistant Attorney General Mitchell and Staff Attorney Lloyd for the State.*

*Robert F. Rush for defendant.*

LAKE, Justice.

[1-3] In considering a trial court's denial of a motion for judgment of nonsuit, the evidence for the State, considered in the light most favorable to it, is deemed to be true and inconsistencies or contradictions therein are disregarded. *State v. Vincent*, 278 N.C. 63, 178 S.E. 2d 608; *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44. Evidence of the defendant which is favorable to the State is considered, but his evidence in conflict with that of the State is not considered upon such motion. *State v. Greene*, 278 N.C. 649, 180 S.E. 2d 789; *State v. Vincent, supra.* The question for the court is whether, when the evidence is so considered, there is reasonable basis upon which the jury might find that an offense charged in the indictment has been committed and the defendant is the perpetrator, or one of the perpetrators, of it. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679.

[4] By the terms of G.S. 14-87 an attempt to rob another of personal property, made with the use of a dangerous weapon, whereby the life of a person is endangered or threatened, is, itself, a completed crime and is punishable to the same extent as if the property had been taken as intended. *State v. Spratt*, 265 N.C. 524, 144 S.E. 2d 569. Such attempt occurs when the defendant, with the requisite intent to rob, does some overt act

calculated and designed to bring about the robbery, thereby endangering or threatening the life of a person. *State v. Spratt, supra.* " 'In order to constitute an attempt, it is essential that the defendant, with the intent of committing the particular crime, should have done some overt act adapted to, approximating, and which in the ordinary and likely course of things would result in the commission thereof. Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory. In other words, while it need not be the last proximate act to the consummation of the offense attempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.' 8 R.C.L., 279." *State v. Parker,* 224 N.C. 524, 31 S.E. 2d 531.

[5]  Considered in accordance with the above stated principles, the evidence in the record is amply sufficient to justify a jury in finding that Walker entered the store with the intent to rob Lowery, struck him in the head with a blackjack, a dangerous weapon, for the purpose of accomplishing the intended robbery and thereby endangered his life. Thus, the evidence of the State is sufficient to show that the offense charged in the indictment was committed.

[6, 7]  The remaining question is whether the evidence is sufficient to show that the defendant was a perpetrator of it. One who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225. By its express terms G.S. 14-87 extends to one who aids and abets in an attempt to commit armed robbery. The State's evidence, considered as above stated, is ample to support a finding by a jury that the defendant so participated in

the attempt to rob Lowery. The present case is not distinguishable from *State v. Sellers, supra.*

The motion for judgment of nonsuit was, therefore, properly denied.

No error.