State v. Robinson

---

STATE OF NORTH CAROLINA v. HILDA RANKIN ROBINSON

No. 7112SC685

(Filed 15 December 1971)

1. Criminal Law § 164— motion for nonsuit — necessity for exception — review on appeal

The Court of Appeals reviews the sufficiency of the evidence to sustain the verdict in a criminal case, notwithstanding the defendant failed to make motions for nonsuit or directed verdict at the close of the State's evidence and at the conclusion of all the evidence. G.S. 15-173.1.

2. Narcotics § 4— possession of heroin — sufficiency of evidence

Issue of defendant's guilt of the possession of heroin was properly submitted to the jury.

3. Criminal Law § 168— instructions — review on appeal

The charge to the jury must be read as a whole and not in detached parts.

4. Criminal Law § 168— instructions — review on appeal

When the charge presents the law fairly and clearly to the jury, it will afford no ground for reversing the judgment, although some of the expressions, when standing alone, might be regarded as erroneous.

ON *certiorari* to review a trial before *Bailey, Judge,* April 5, 1971 Session of CUMBERLAND Superior Court.

The defendant was charged in a bill of indictment with possession of heroin. At trial the defendant was found guilty by a jury and judgment was entered imposing a prison sentence. Defendant gave notice of appeal.

On July 13, 1971, the Solicitor moved to dismiss the appeal on the grounds that defendant had failed to serve the case on the Solicitor within the time allowed. The motion was granted and the appeal dismissed.

The defendant filed a Petition for Writ of Certiorari with this Court. The petition was allowed.

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., for the State.*

*Anderson, Nimocks & Broadfoot by Stephen H. Nimocks for defendant appellant.*

CAMPBELL, Judge.

The defendant raises two questions on appeal:

1. Did the trial court commit error in denying defendant's motions for directed verdict at the close of the State's evidence and at the close of all the evidence?

2. Did the court commit error in its instructions to the jury?

[1, 2]  An examination of the record before us reveals that defendant did not make any motions, either for nonsuit or for directed verdict, at the close of the State's evidence and at the conclusion of all the evidence. Nevertheless, pursuant to G.S. 15-173.1, we have reviewed the sufficiency of the evidence to sustain the verdict. *State v. Davis,* 273 N.C. 349, 160 S.E. 2d 75 (1968). We find that, when viewed in the light most favorable to the State, the evidence was sufficient to go to the jury and sustain a verdict against the defendant.

In brief summary the evidence for the State reveals that law enforcement officers armed with a search warrant went to the defendant's residence and after knocking on the door were admitted by a man who was in the house. On gaining admission

the officers went through the house to a rear bedroom where the defendant was in the process of getting out of bed and putting on a housecoat. On the floor at the feet of the defendant they found fourteen capsules which, on subsequent laboratory examination, proved to be heroin. The defendant denied any knowledge of the capsules. The jury found the defendant guilty of possession of heroin.

The defendant next argues that the trial court committed prejudicial error in its charge to the jury. The exceptions to the charge are not properly set out in the record. Despite this, we have examined the charge to the jury with care.

[3, 4] The charge to the jury must be read as a whole and not in detached parts. *State v. Shaw,* 263 N.C. 99, 138 S.E. 2d 772 (1964). When the charge presents the law fairly and clearly to the jury, it will afford no ground for reversing the judgment, although some of the expressions, when standing alone, might be regarded as erroneous. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966). While there may be minor technical errors in the charge, when taken as a whole, it is accurate as to the law and fair to the defendant. The charge is free from prejudicial error.

In the entire trial we find,

No error.

Judges MORRIS and PARKER concur.