STATE OF NORTH CAROLINA v. CLARENCE EDWARD WIGGINS

No. 7214SC749

(Filed 22 November 1972)

1. Criminal Law § 164— sufficiency of State's evidence — review on appeal

   Though defendant did not challenge the sufficiency of the evidence in the trial court in the manner prescribed by G.S. 15-173, the sufficiency of State's evidence is reviewable on appeal in a criminal case. G.S. 15-173.1.

2. Criminal Law §§ 9, 10— principal — accessory before the fact — distinction

   Ordinarily, the only distinction between a principal and an accessory before the fact is that the latter was not present when the crime was actually committed.

3. Criminal Law §§ 9, 10— principal — accessory before the fact — distinction in felony cases

   The distinction between a principal and an accessory before the fact still exists in this State in regard to general felonies.

4. Criminal Law §§ 9, 10; Robbery § 4— armed robbery — defendant as principal — insufficiency of evidence to support conviction

   Evidence was insufficient in an armed robbery prosecution to convict defendant as a principal where such evidence tended to show that defendant was in a house ten to fifteen blocks away from the scene of the crime and was in no position to render the perpetrator any advice, counsel, aid, encouragement or comfort, if needed, during the commission of the offense; therefore, defendant would be guilty, at most, of being an accessory before the fact since he was neither actually nor constructively present at the time of the robbery.

5. Indictment and Warrant § 18; Robbery § 2— indictment for armed robbery — conviction as principal or as accessory before the fact proper

   The crime of accessory before the fact to a felony charged in an original bill of indictment is included in the charge of the principal crime; consequently, defendant whose conviction as principal in armed robbery case will not stand is subject to trial under the original bill of indictment for the offense of being an accessory before the fact to armed robbery.

APPEAL by defendant from *Cooper, Judge,* 17 April 1972 Session of Superior Court held in DURHAM County.

Defendant was charged in case # 72CR1433 with armed robbery. In case # 72CR1432, he was charged with conspiring with several named individuals to commit the robbery charged

State v. Wiggins

in case # 72CR1433. The cases were consolidated for trial and defendant entered pleas of not guilty. The jury found him guilty as charged in both cases, and judgments were entered imposing a prison sentence of 16 years in case # 72CR1433, and a prison sentence of 8 years in case # 72CR1432.

*Attorney General Morgan by Associate Attorney Boylan for the State.*

*Nathaniel L. Belcher for defendant appellant.*

GRAHAM, Judge.

[1] Defendant did not challenge the sufficiency of the evidence in the trial court in the manner prescribed by G.S. 15-173. He contends on appeal, however, that the evidence is insufficient to support his conviction for the offense of armed robbery. "The sufficiency of the evidence of the State in a criminal case is reviewable upon appeal without regard to whether a motion has been made pursuant to G.S. 15-173 in the trial court." G.S. 15-173.1. See also *State v. Conrad,* 275 N.C. 342, 168 S.E. 2d 39; *State v. Davis,* 273 N.C. 349, 160 S.E. 2d 75; *State v. Robinson,* 13 N.C. App. 200, 184 S.E. 2d 888; *State v. Pitts,* 10 N.C. App. 355, 178 S.E. 2d 632, *cert. denied,* 278 N.C. 301.

The State's evidence would support the following findings: On 18 January 1972 Melvin Anderson entered the Sherwin Williams Co., Inc. store in the Northgate Shopping Center in Durham, and with the threatened use of a pistol, removed in excess of $200.00 of the company's money from the presence of one company employee and one customer. The money was subsequently divided among Anderson, defendant, Charles Graham, who drove Anderson to the shopping center, and Amos Andrew Shaw, who accompanied Anderson and Graham there. The robbery was carried out pursuant to an agreement between these four men. Defendant, who had once worked for Sherwin Williams Co., Inc., suggested the robbery. He also pointed the store out to the others, furnished the pistol used by Anderson and arranged for Graham to drive Anderson to the scene for the purpose of the robbery. After having been advised of his constitutional rights, defendant stated to a Durham detective that "he was the brains behind the robbery." The evidence shows, however, that defendant was not present at the scene when the robbery took place but was at a house some ten or fifteen blocks away.

No question is raised concerning the sufficiency of the evidence to support defendant's conviction of the conspiracy charge. (Case # 72CR1432.) The evidence is obviously sufficient in this respect. "As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is complete." *State v. Knotts,* 168 N.C. 173, 188, 83 S.E. 972, 979. We are of the opinion, however, that while the evidence points strongly to defendant's guilt as an accessory before the fact to the offense of armed robbery, it does not support his conviction as a principal for that offense.

[2] The distinction between principals and accessories before the fact is set forth in *State v. Benton,* 276 N.C. 641, 653, 174 S.E. 2d 793, 800-01:

> " 'A principal in the first degree is the person who actually perpetrates the deed either by his own hand *or through an innocent agent.*' (Emphasis added.) Any other who is actually or constructively present at the place of the crime either aiding, abetting, assisting, or advising in its commission, or is present for that purpose, is a principal in the second degree. Miller, Criminal Law §§ 73, 74, 75 (1934). *Accord, State v. Burgess,* 245 N.C. 304, 96 S.E. 2d 54; *State v. Jarrell,* 141 N.C. 722, 53 S.E. 127. In our law, however, 'the distinction between principals in the first and second degrees is a distinction without a difference.' Both are principals and equally guilty. *State v. Allison,* 200 N.C. 190, 194, 156 S.E. 547, 549; *accord, State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485; *State v. Peeden,* 253 N.C. 562, 117 S.E. 2d 398. An accessory before the fact is one who was absent from the scene when the crime was committed but who procured, counseled, commanded or encouraged the principal to commit it. *State v. Benton,* 275 N.C. 378, 167 S.E. 2d 775; *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580; Miller, *supra,* § 76; 22 C.J.S. *Criminal Law* § 90 (1961).
>
> Thus, ordinarily, the only distinction between a principal and an accessory before the fact is that the latter was not present when the crime was actually committed."

By its express terms, G.S. 14-87 extends to one who aids or abets in the commission of an armed robbery. " 'It is well settled that one who is present, aiding and abetting in a crime actually perpetrated by another, is equally guilty with the actual

perpetrator.' *State v. Garnett,* 4 N.C. App. 367, 167 S.E. 2d 63."
*State v. Berryman,* 10 N.C. App. 649, 652, 179 S.E. 2d 875.
However, presence, either actual or constructive, is indispensable to the position of a principal in the second degree. "Statements in the decisions that one who advises, counsels, or procures another to commit a crime is an aider or abettor even though not present at the scene when the crime is committed, would seem to be inexact, since one who merely counsels, procures, or commands another to commit a felony is an accessory before the fact under the statute [G.S. 14-5]. In the cases containing such statements, the defendants were all present at the time." 2 Strong, N.C. Index 2d, Criminal Law, § 9, pp. 491-92. See also R. Perkins, Criminal Law, Ch. 6, § 8 (2d ed. 1969); 1 Wharton, Criminal Law and Procedure, § 110 (Anderson 1957), 22 C.J.S., Criminal Law, § 85, p. 250.

[3] In some jurisdictions, by statute, all distinction between a principal and an accessory before the fact has been abolished. *State v. Benton, supra,* and authorities cited. The distinction still exists in this State in regard to general felonies. "If any person shall counsel, procure or command any other person to commit any felony, whether the same be a felony at common law or by virtue of any statute, the person so counseling, procuring or commanding shall be guilty of a felony. . . . " G.S. 14-5. A person convicted as an accessory before the fact to the felony of armed robbery is subject to imprisonment for not more than ten years. G.S. 14-6.

[4] The evidence here shows that defendant was not actually present during the perpetration of the robbery but was in a house ten to fifteen blocks away. However, the actual distance of a person from the place where a crime is perpetrated is not always material in determining whether the person is constructively present. See for instance, *State v. Chastain,* 104 N.C. 900, 10 S.E. 519, where defendant was 150 yards from the scene, armed with a rifle which would be fatal at that distance, with intent to use it to back up his brother, the perpetrator, if required. A guard who has been posted to give warning, or the driver of a "get-away" car, may be constructively present at the scene of a crime although stationed a convenient distance away. See R. Perkins, Criminal Law, Ch. 6, § 8 (2d ed. 1969), and cases collected there. "One who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the

actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225." *State v. Price,* 280 N.C. 154, 158, 184 S.E. 2d 866, 869. A person is deemed to be constructively present if he is near enough to render assistance if need be and to encourage the actual perpetration of the felony. 22 C.J.S., Criminal Law, § 86, p. 254.

[5]    There is no evidence in the record which would support a finding that at the time the robbery was committed, defendant was situated where he could give Anderson any advice, counsel, aid, encouragement or comfort, if needed, while Anderson was perpetrating the robbery. Thus, defendant was neither actually nor constructively present at the time, and he could be guilty, at most, of being an accessory before the fact. An accessory before the fact "is one who meets every requirement of a principal in the second degree *except that of presence at the time.*" (Emphasis added.) R. Perkins, Criminal Law, Ch. 6 at 663 (2d ed. 1969). The evidence here would support a conviction for an accessory before the fact to armed robbery. The crime of accessory before the fact to a felony charged in an original bill of indictment is included in the charge of the principal crime. *State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213; *State v. Bryson,* 173 N.C. 803, 92 S.E. 698; *Richardson v. Ross,* 310 F. Supp. 134 (E.D. N.C. 1970) ; 4 Strong, N.C. Index 2d, Indictment and Warrant § 18, p. 368. Consequently, defendant is not entitled to have the charge dismissed, *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649, and the case is remanded so that the solicitor, should he elect to do so, may try defendant under the original bill of indictment for the offense of being an accessory before the fact to armed robbery.

Defendant has brought forward several assignments of error to statements made by the solicitor and the judge during the course of the trial and to portions of the court's instructions to the jury. Insofar as these assignments of error relate to the offense of conspiracy, we find them without merit. Since case # 72CR1433 is subject to a new trial, it is unnecessary that we consider these assignments of error with respect to that case.

Case # 72CR1432 (conspiracy to commit the felony of armed robbery) no error.

Case # 72CR1433 (armed robbery) new trial.

Judges VAUGHN and HEDRICK concur.