STATE OF NORTH CAROLINA v. GEORGE LYLES, JR.

No. 7312SC570

(Filed 24 October 1973)

1. **Criminal Law §§ 9, 10— aider and abettor — accessory before fact — driver of getaway car**

    The driver of a getaway car who drove robbers to within a block and a half of the premises robbed and who was apprehended while parked 100 feet behind those premises was present at the scene of the robbery and was thus a principal rather than an accessory before the fact.

2. **Criminal Law § 115; Robbery § 5— armed robbery — failure to submit accessory before the fact**

    In a prosecution of defendant for armed robbery as an aider and abettor, the trial court did not err in failing to submit the lesser included offense of accessory before the fact where the evidence showed that defendant was the driver of the getaway car.

3. **Criminal Law § 118— instructions — contentions of State**

    It is not error for the trial court to instruct the jury in terms of the State's contentions where the record discloses evidence from which inferences drawn by the court could legitimately, fairly and logically be drawn by the jury.

APPEAL from *Brewer, Judge,* 5 March 1973 Session of CUMBERLAND County Superior Court.

Defendant Lyles was charged, with two codefendants not involved in this appeal, with the armed robbery of Mack's Shell Self Serve in Fayetteville.

Evidence for the State is briefly summarized as follows:

Larry Absher, the night attendant at Mack's, observed Houston and Webster (codefendants who entered a guilty plea) get out of a late model orange car one and a half to two blocks from the station. They proceeded on foot up the street toward

the station, and upon entering the attendant's cubicle, Houston pulled a sawed off shotgun from beneath his coat. The two took money from the cash register, and they took an automatic pistol and some money from Absher's person.

Melvin Webster testified that Lyles and Houston came to his trailer together on the night of the robbery in an orange Dodge "Super Bee." Lyles asked Webster if he would like to "go out and make some money." As the three men cruised around Fayetteville in the orange Super Bee — with Lyles at the wheel — they discussed robbing two places other than Mack's, but decided otherwise because of the risk involved. When they decided to rob Mack's, Lyles let Houston and Webster out of the car about a block and a half from the station. Houston took the shotgun from the car and put it under his coat.

Webster's testimony from this point was substantially the same as that of Absher concerning the taking of the money at gun point. He further testified that they ran from the station with a car in close pursuit. They approached Lyles parked in a trailer park 100 feet to the rear of the store and attempted to get in the car. However, the car in pursuit blocked Lyles, so Houston and Webster continued to run.

Deputy Sheriff Hollingsworth testified that:

He was on patrol the morning of the robbery, and he noticed suspicious activities in the station, i.e., three men in the attendant's cubicle. As he made a U-turn and came back to investigate, two of the men ran from the cubicle toward the trailer park behind the station. The deputy followed them in his car and blocked the orange Super Bee which was parked with its headlights off and its motor running. Deputy Hollingsworth's partner pursued the two men as they fled. Hollingsworth picked up a shotgun one of the fleeing men had dropped and arrested the man behind the wheel of the car whom he identified in court as defendant Lyles.

Deputy Sheriff Capps was then allowed over defendant's objection to read into evidence a sworn statement by Webster which was substantially identical to Webster's testimony. The court gave the jury a proper instruction for corroborative evidence.

At the close of State's evidence, defendant's motion for judgment as of nonsuit was denied. Motion to reduce the charge to accessory before the fact was also denied.

Defendant presented no evidence, and he was convicted by the jury of aiding and abetting in robbery with a firearm.

*Attorney General Morgan, by Assistant Attorney General Eatman, for the State.*

*Assistant Public Defender Neill Fleishman for defendant appellant.*

MORRIS, Judge.

Appellant's assignments of error can be separated into two groups. Assignments of error Nos. 1, 3 and 4 depend upon appellant's contention that he was not present at the scene of the crime. In assignment of error No. 2 appellant contends that the trial judge commented on the evidence in contravention of G.S. 1-180.

The first group of assignments of error may be summarized as depending entirely upon the theory that defendant's conduct in driving the "getaway car" does not amount to his being present at the scene of the robbery. If defendant were not present, he contends, he would be entitled to a judgment as of nonsuit and a directed verdict, for the evidence produced would be insufficient to go to the jury on the offense as charged. Likewise, were he not present, the court's instruction to the jury concerning aiding and abetting would be prejudicial, for an aider or abettor must be present. Appellant further urges that he was entitled to an instruction on the lesser included offense of accessory before the fact inasmuch as the distinction between a principal — including an aider and abettor — and an accessory before the fact is that the former is present at the time of the offense whereas the latter is not.

[1] As we have stated, these assignments of error depend entirely upon the contention of defendant that he was not present at the time of the armed robbery. Thus, a favorable determination of these assignments would require a holding on our part that the driver of a getaway car who had driven the robbers to within a block and a half of the premises robbed — and was apprehended while parked 100 feet behind the premises with his headlights off and his motor running — is not present at the scene of the robbery. We do not so hold.

As this Court stated in *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972), the distinction between a principal and an accessory before the fact — abolished in some jurisdictions — remains in force in North Carolina with regard to general felonies, including armed robbery. The distinction has been set forth in *State v. Benton,* 276 N.C. 641, 653, 174 S.E. 2d 793 (1970).

> " 'A principal in the first degree is the person who actually perpetrates the deed either by his own hand *or through an innocent agent.*' (Emphasis added.) Any other who is actually or constructively present at the place of the crime either aiding, abetting, assisting or advising in its commission, or is present for that purpose, is a principal in the second degree. (Citations omitted.) In our law, however, 'the distinction between principals in the first and second degrees is a distinction without a difference.' Both are principals and equally guilty. *State v. Allison,* 200 N.C. 190, 194, 156 S.E. 547, 549; *accord, State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485; *State v. Peeden,* 253 N.C. 562, 117 S.E. 2d 398. An accessory before the fact is one who was absent from the scene when the crime was committed but who procured, counseled, commanded on encouraged the principal to commit it. *State v. Benton,* 275 N.C. 378, 167 S.E. 2d 775; *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580; Miller, *supra,* § 76; 22 C.J.S. *Criminal Law* § 90 (1961).
>
> Thus, ordinarily, the only distinction between a principal and an accessory before the fact is that the latter was not present when the crime was actually committed."

In order to determine whether a defendant is present, the court must determine whether "he is near enough to render assistance if need be and to encourage the actual perpetration of the felony." *State v. Wiggins, supra,* at 531.

The general principle has been stated that

> " 'One who procures or commands another to commit a felony, accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if

needed, *or to provide a means by which the actual perpetrator may get away from the scene upon completion of the offense,* is a principal in the second degree and equally liable with the actual perpetrator. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225.' *State v. Price,* 280 N.C. 154, 158, 184 S.E. 2d 866, 869." *Id.,* at 530-531. (Emphasis added.)

The facts of the case before us are clearly sufficient to bring it within the general rule established by *Benton* and *Wiggins, supra.* The driver of a getaway car is present at the scene of the crime, and he is a principal rather than an accessory before the fact.

Therefore, there is no error in the denial of the motions for judgment as of nonsuit and for directed verdict, nor is there error in the court's instructing the jury on aiding and abetting.

[2] Likewise, there was no error in the failure of the trial court to instruct the jury on the lessor included offense of accessory before the fact. It is a well-established principle that the court is not required to submit the question of guilt on a lesser included offense where all the evidence tends to establish the greater charge, and there is no evidence of the lesser charge. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481 (1969); *State v. Wilson,* 14 N.C. App. 256, 188 S.E. 2d 45 (1972).

[3] As his final assignment of error, appellant urges that the trial court erred in its charge to the jury in that it failed to state the evidence necessary to explain the applicable law except in the contentions of the State. It is appellant's position that this amounts to a comment on the evidence in contravention of G.S. 1-180. We do not agree. It is not error for the trial judge to instruct the jury in terms of the State's contentions where the record discloses evidence from which inferences drawn by the court could legitimately, fairly and logically be drawn by the jury. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970).

No error.

Judges CAMPBELL and HEDRICK concur.