STATE OF NORTH CAROLINA v. HENRY LEWIS CHERRY

No. 7519SC946

(Filed 2 June 1976)

1. **Robbery § 2— indictment charging robbery — evidence showing attempt to rob — variance not material**

    Where an indictment charged that defendant actually took money from his victim with the unlawful use of a handgun, but the evidence tended to show that defendant merely attempted to take the money with the use of a handgun, such variance was not material, and the trial court properly denied defendant's motion to dismiss at the end of all the evidence. G.S. 14-87.

2. **Robbery § 5— attempted armed robbery — improper jury instruction — subsequent correct instruction — no prejudice**

    Defendant was not prejudiced by the trial court's instruction that the "defendant has been accused of attempted robbery with a firearm which is attempting to rob or endangering or threatening that other person with a firearm," since the court immediately thereafter gave a complete instruction on the elements of attempted armed robbery, and the jury could not have misunderstood the court's language.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 25 June 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 10 March 1976.

Defendant was tried under a bill of indictment charging him with the armed robbery of one Cathy Griffith Benfield, a violation of G.S. 14-87.

The State offered evidence tending to show that on 5 May 1975, in the Bear Poplar community of Rowan County, Cathy Benfield was managing her father's grocery store. Around 1:45 p.m., Cathy was at the back of the store and Mr. London, an elderly gentleman, was dozing in a chair near the front. Three males entered the store whereupon Cathy walked to the front. The three headed towards the cold drink coolers at the rear of the store and presently, one of them approached the counter at the middle front of the store where Cathy stood. He placed a six pack of beer and a bottle of wine on the counter. After telling Cathy that his friend would pay for the beer and wine, he asked her to change a dollar for him. As she turned to hand him his change she realized that he was pointing a small, silver-colored gun at her. He ordered her to put the money in a bag. Cathy placed over $100.00 out of the cash drawer and around $200.00 out of a billfold containing gas money in a bag

and put it on the counter. She noticed that the man wore a toboggan pushed back on his head and recognized him as "Brother Cherry," a young man who occasionally patronized the store.

The three men discussed what to do and one told Cherry to lock Cathy in the bathroom. Cathy entered the bathroom and pushed the door closed. She heard a loud noise followed by the sound of running feet. She pushed the bathroom door open and found Mr. London standing in the store with blood on his face. She called the sheriff and found the bag of money on the counter.

Defendant offered evidence tending to show that on 5 May 1975 he was in his sister's house until 3:45 p.m. He placed a call to his mother at 12:31 p.m. that day from his sister's trailer. He spoke with some relatives who stopped by the trailer at approximately 2:00 p.m. He left the trailer with his sister at 3:45 p.m.

Defendant admitted having traded at the store in the past, but denied participating in the robbery.

The jury returned a verdict finding defendant guilty of attempted robbery with a dangerous weapon. From judgment of imprisonment entered upon the verdict, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth R. Cochrane, for the State.*

*Davis, Ford & Weinhold, by Robert M. Davis, for defendant.*

MARTIN, Judge.

[1] Defendant contends the court erred in refusing to grant his motion to dismiss at the end of all the evidence.

The indictment charged that defendant, with the unlawful use of a handgun whereby the life of Cathy Benfield was endangered, did take, steal and carry away $455.14. However, the evidence presented tended to show, and the court in fact charged on attempted robbery with a firearm. Defendant contends there is a fatal variance between the indictment and proof in that a taking was charged and an attempt to take was the subject of the evidence.

"By the terms of G.S. 14-87 an attempt to rob another of personal property, made with the use of a dangerous weapon, whereby the life of a person is endangered or threatened, is, itself, a completed crime and is punishable to the same extent as if the property had been taken as intended. (Citation omitted.) Such attempt occurs when the defendant, with the requisite intent to rob, does some overt act calculated and designed to bring about the robbery, thereby endangering or threatening the life of a person. (Citation omitted.)" *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866 (1971).

G.S. 14-87 was enacted to cover situations where there was an attempt to take as well as those where there was an actual taking. The attempt now is on equal level with the taking: each offense is of equal gravity. *State v. Sanders,* 280 N.C. 81, 185 S.E. 2d 158 (1971).

Admittedly, there is variance between the allegations and the proof offered, but the variance is not material. The indictment charged all the essential elements of the crime of armed robbery. The offense was complete when the defendant attempted to take the money from the presence of Cathy Griffith Benfield by the means condemned in G.S. 14-87. Proof was offered to support the material allegations. The trial court correctly denied motion for dismissal.

[2] Next, defendant assigns as error that portion of the charge which reads as follows:

"Now, as I have said, the defendant has been accused of attempted robbery with a firearm which is attempting to rob or endangering or threatening that other person with a firearm."

Defendant argues that this is a prejudicial instruction for it would allow the jury to convict him if it found only that he had endangered Cathy Benfield with a firearm.

Immediately following the portion in question, the court gave a complete instruction on the elements of attempted armed robbery. The jury was fully apprised of its duty and that body was not confused. The mistake was merely inserting "or" for "by." In view of the charge as a whole, it is apparent that the jury could not have misunderstood the court's language. See *State v. Sanders, supra.*

Defendant received a trial free of prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.