State v. Fields

STATE OF NORTH CAROLINA v. FOREST ELMO FIELDS

No. 7025SC657

(Filed 16 December 1970)

1. **Criminal Law § 99— questions asked by trial court — expression of opinion**

   In this prosecution for felonious breaking and entering and felonious larceny, questions put to witnesses by the trial judge during the course of the trial did not constitute an expression of opinion by the judge but served only to clarify and promote a proper understanding of the testimony of the witnesses.

2. **Criminal Law §§ 89, 169— admission of testimony to corroborate two persons — one person not called as witness — prejudice to defendant**

   Defendant was not prejudiced by the admission for corroborative purposes of testimony by a State's witness as to what a police officer and another person had told him occurred at the time of defendant's arrest after the solicitor informed the court that the officer and the other person would later be called as witnesses, notwithstanding the officer was never called as a witness before the jury, where the court instructed the jury to disregard all testimony of the witness as it related to what the officer may have told him, and the witness' testimony did corroborate subsequent testimony given by the other person before the jury.

3. **Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering — automobile larceny — sufficiency of evidence for jury — possession of recently stolen property**

   In this prosecution for felonious breaking and entering and felonious larceny, the State's evidence was sufficient for submission of both cases to the jury under the doctrine of possession of recently stolen property, where it tended to show that an automobile was stolen from a building which had been broken and entered, that a short time later the automobile was found in a town 30 miles away, with its motor still warm, parked about 100 feet from the residence in which defendant was arrested, and that the key to the stolen automobile was found in defendant's pocket.

4. **Burglary and Unlawful Breakings § 5; Larceny § 7— possession of property recently stolen by breaking and entering — sufficiency of evidence for jury**

Where there is sufficient evidence that a building has been unlawfully broken into and entered and property has been stolen therefrom, the possession of such stolen property shortly after the larceny raises presumptions of fact that the possessor is guilty both of the larceny and of the breaking and entering.

ON Writ of *Certiorari* to review judgment of *Copeland, J.,* 15 January 1969 Session of CALDWELL Superior Court.

Defendant was charged in a two-count bill of indictment with (1) felonious breaking and entering and (2) felonious larceny of an automobile valued at approximately $1,000.00. He pleaded not guilty, was found guilty by the jury on both counts, and the two cases were consolidated for judgment. From judgment imposing prison sentence of not less than eight nor more than ten years, defendant filed notice of appeal but failed to perfect his appeal in apt time. Subsequently, the Court of Appeals allowed his petition for writ of *certiorari* to review his trial and the judgment imposed.

*Attorney General Robert Morgan by Trial Attorney Lester V. Chalmers, Jr., for the State.*

*Neil D. Beach for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns as error certain questions put to witnesses by the trial judge during the course of the trial. We have carefully examined each of these, and in our opinion no prejudice to defendant resulted from them. The questions asked by the court served only to clarify and promote a proper understanding of the testimony of the witnesses, and in our opinion the asking of these questions did not amount to an expression of opinion by the judge. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376.

[2] During presentation of the State's evidence, the court permitted the State's witness, Fowler, to testify as to what a Mr. Witherspoon and an Officer Stewart had told him had occurred at the time of defendant's arrest. This was permitted only after the court had ascertained from the solicitor that both Witherspoon and Stewart were present and would be called as witnesses. The court instructed the jury that the evidence

by Fowler as to what Stewart and Witherspoon told him was being offered for the sole purpose of corroborating these witnesses when they should testify, if, in fact, the jury should find that it did corroborate them. Thereafter the State called Witherspoon as a witness, and he was examined extensively before the jury on both direct and cross-examination. Officer Stewart was also called as a witness, but only during the course of a *voir dire* examination, and he did not testify before the jury. The trial judge, in going over his notes while charging the jury, discovered that the State had not called Stewart as a witness before the jury as the solicitor had indicated would be done. The judge then instructed the jury as follows: "[A]nything that Captain Fowler told you on the witness stand as it may relate to what Officer Stewart may have told him, you will disregard it completely because I find that Officer Stewart did not take the stand. You will consider that testimony only as to what Captain Fowler said that Mr. Witherspoon told him. And in that regard, you will consider it only as it may corroborate the witness Witherspoon, if you find that it does corroborate him, and you will consider it for no other purpose."

After careful review of the record, it is our opinion defendant suffered no prejudice when the State's witness Fowler was permitted to testify as to what Stewart and Witherspoon had told him. This testimony served only to corroborate the subsequent testimony given by Witherspoon before the jury, during the course of which Witherspoon described in detail the events which occurred at the time of defendant's arrest. The fact that the solicitor inadvertently failed to present Stewart as a witness before the jury to testify further concerning the same events, did not, under the circumstances of this case, render Fowler's previously given testimony prejudicial to defendant. The court correctly instructed the jury to disregard all testimony of Fowler as it related to what Officer Stewart may have told him, and we see no reason why the jury could not correctly apply the court's instruction. "Where evidence is improperly admitted, but the court later withdraws the evidence and categorically instructs the jury not to consider it, it will be presumed that the jury followed the instruction of the court, and the admission of the evidence will not ordinarily be held prejudicial." 7 Strong, N.C. Index 2d, Trial, § 16, p. 281.

[3, 4] Finally, defendant contends his motions for nonsuit should have been granted. We do not agree. The evidence,

considered in the light most favorable to the State, tended to show that at sometime between 3:00 p.m. on Sunday afternoon, 11 August 1968, and 12:30 a.m. on the following Monday morning, an automobile repair shop located on Blowing Rock Road in Caldwell County was broken into and a 1964 Ford automobile valued about $1,100.00 was removed therefrom without permission of the proprietor. At approximately 2:00 a.m. on Monday morning, 12 August 1968, defendant was arrested by police officers and sheriff's deputies in a residence in Conover, approximately 30 miles distant from the place the car had been taken. At the time of defendant's arrest, the stolen car was found with its motor still warm, parked about 100 feet from the residence in which defendant was arrested, and the key to the stolen automobile was found in defendant's pocket. The possession by defendant of the ignition key and the close proximity of the automobile to him while its motor was still warm, gives rise to a permissible inference that defendant had but recently been in possession and control of the automobile. This, coupled with the evidence that the automobile had been stolen from a building located 30 miles distant, which had been broken and entered only a short time before, required submission to the jury of both cases against defendant. It is a well recognized legal principle in this State that where there is sufficient evidence that a building has been unlawfully broken into and entered and property has been stolen therefrom, the possession of such stolen property shortly after the larceny raises presumptions of fact that the possessor is guilty both of the larceny and of the breaking and entering. *State v. Allison,* 265 N.C. 512, 144 S.E. 2d 578. Defendant's motions for nonsuit were properly overruled.

We have carefully examined the entire record, and in the trial and judgment imposed find no prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.