STATE OF NORTH CAROLINA v. NATHANIEL LEE TORAIN

No. 7315SC805

(Filed 28 November 1973)

**Robbery § 4— driver of getaway car — presence at robbery scene**

The State's evidence in an armed robbery case was sufficient to establish defendant's presence at or near the store that was robbed where it tended to show that defendant, accompanied by two companions, drove an automobile to a store "to get some money," that defendant's companions entered the store and robbed the proprietor by use of a shotgun and pistol, that defendant "stayed with the car," that later that night defendant and one companion were together en route to the bus station when the police stopped them and that defendant told the police several days later where they could find the stolen money.

ON *certiorari* to review judgment of *Cooper, Judge,* 30 October 1972 Session Superior Court held in ORANGE County.

In a bill of indictment, proper in form, defendant was charged with armed robbery. He entered a plea of not guilty, was found guilty as charged and from judgment imposing prison sentence of twenty years with recommendation for work release, he appeals.

*Attorney General Robert Morgan by Norman L. Sloan, Associate Attorney, for the State.*

*Haywood, Denny & Miller by James H. Johnson III, and William N. Farrell, Jr., for the defendant.*

BRITT, Judge.

Defendant assigns as error the denial of his motions for judgment of nonsuit. The evidence, considered in the light most favorable to the State, tended to show:

Around 8:45 p.m. on Friday, 25 August 1972, defendant, accompanied by Keith and Jackie Graves, drove an automobile to the grocery store of Julian Ray on Highway 54 near Carrboro. The purpose in going to the store was "to get some money." Defendant stopped the car at the store and Keith and Jackie Graves entered the store, one with a sawed-off shotgun and the other with a pistol. The two who entered the store forced Ray to open the cash register and give them the money which was in it. They also took Ray's wallet. The cash register contained

approximately $300 and the wallet between $500 and $600. Defendant stayed with the car. Later that night defendant and Jackie Graves were together and were stopped by Burlington police en route "to the bus station." While riding in the police car, Jackie Graves hid the money under the front seat of the car and, pursuant to information provided by defendant on 2 September 1972, the money was found in the Burlington police car on 5 September 1972.

It is well settled that when two or more persons aid and abet each other in the commission of a crime, all are principals and equally guilty. *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225 (1966) ; *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967). To be guilty as an aider and abettor, a defendant's actual presence is not necessary as he may be constructively present. *State v. Sellers, supra; State v. Bell, supra.*

In the case at bar, defendant contends the evidence was insufficient to establish his presence at or near Ray's store at the time of the robbery. We reject this contention. The evidence tending to show that defendant drove the automobile that carried the Graves men to the store, that to the knowledge of defendant the Graves men entered the store, one of them armed with a shotgun and the other with a pistol, that defendant "stayed with the car," that later that night they were together en route to the bus station when Burlington police "stopped" them and that defendant told police several days later where they could find the stolen money, was sufficient to support an inference that defendant was constructively present at the time of the robbery. The assignment of error is overruled.

Defendant's other assignments of error relate to the trial court's instructions to the jury. After carefully reviewing the instructions, with particular reference to those assigned as error, we conclude that the instructions were free from prejudicial error.

Defendant received a fair trial and the sentence imposed was within the limits provided by statute.

No error.

Judges MORRIS and BALEY concur.