STATE OF NORTH CAROLINA v. JERRY MICHAEL SATTERFIELD

No. 759SC372

(Filed 15 October 1975)

1. **Criminal Law § 96— hearsay testimony withdrawn — no prejudice**
   Defendant was not prejudiced where the trial court erroneously admitted hearsay testimony but subsequently excluded the testimony and sufficiently advised the jury to disabuse from their minds all reference to the hearsay testimony.

2. **Criminal Law § 173— invited error**
   Defendant may not complain of the admission of testimony brought out by his counsel in the cross-examination of a witness for the State.

3. **Criminal Law § 73— availability of declarant — hearsay rule not invoked**
   Where the declarant is available for cross-examination, the traditional hearsay considerations of veracity, perception, motive, deportment and accuracy are satisfied and there is no reason to invoke the hearsay rule.

4. **Criminal Law § 113— failure to define corroboration — no error**
   The trial court did not err in failing to define the term "corroboration."

**5. Criminal Law § 119— requested instruction given in substance**

The trial court did not err in failing to include defendant's requested definition of "beyond a reasonable doubt" as meaning satisfaction to a "moral certainty" where the actual instruction tendered by the court reached the substance of defendant's request.

**6. Criminal Law § 139— sentence of maximum and minimum terms — improper for youthful offender**

Imposition of a minimum and maximum sentence as a Committed Youthful Offender could be inconsistent with G.S. 148-49.8, and the case is therefore remanded for the imposition of a sentence in compliance with the provisions of Article 3A, Chapter 148 of the N. C. General Statutes.

APPEAL by defendant from *Judge Giles R. Clark.* Judgment entered 12 March 1975 in Superior Court, PERSON County. Heard in the Court of Appeals 29 August 1975.

Defendant was indicted for felonious breaking and entering with the intent to commit larceny. Upon a plea of not guilty, the jury returned a verdict of guilty. From judgment sentencing him to five to seven years imprisonment as a committed youthful offender, defendant appealed.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Ramsey, Jackson, Hubbard & Galloway, by Mark Galloway, for defendant appellant.*

MORRIS, Judge.

[1] Defendant first contends that the court erroneously overruled his objection to alleged hearsay testimony relating to the presence of a car near the prosecuting witness' house. There is no question but that the testimony was hearsay and initially considered admissible by the trial court. However, once the trial court ascertained the inadmissiblility of the testimony, it properly excluded the testimony and sufficiently advised the jury to disabuse from their minds all reference to the hearsay testimony. As our Court has previously stated:

> "'Where evidence is improperly admitted, but the court later withdraws the evidence and categorically instructs the jury not to consider it, it will be presumed that the

jury followed the instruction of the court, and the admission of the evidence will not ordinarily be held prejudicial.' " *State v. Fields,* 10 N.C. App. 105, 107, 177 S.E. 2d 724 (1970). Also see 3 Strong, N. C. Index 2d, Criminal Law, § 169.

**[2]** Defendant next contends that the trial court erred in failing to grant his motion to strike purported double, nonresponsive hearsay. Again, we find no merit in defendant's contention. The defendant, while cross-examining an alleged confederate in the crime charged, asked: "They [the police] told you they knew Mike Satterfield was involved in this?" The witness, responding to this line of inquiry, stated that the police "told [him] who told them he [Mike Satterfield] was in the car." Defendant invited this particular response and he " . . . may not complain of the admission of testimony brought out by his counsel in the cross-examination of a witness for the state . . . . " 3 Strong, N. C. Index 2d, Criminal Law, § 173.

**[3]** Notwithstanding the application of the invited error rule, we find no prejudice in allowing this testimony, because the actual declarant, a police officer, was available for cross-examination, and in fact, took the stand and testified to the very matters at issue. Where the declarant is available for cross-examination, the traditional hearsay considerations of veracity, perception, motive, deportment and accuracy are satisfied and there is no reason to invoke the hearsay rule. 1 Stansbury, N. C. Evidence, § 139 (Brandis Rev. 1973).

**[4]** Defendant next argues that the court, while explaining to the jury the corroborative purpose of proposed testimony, should have defined the concept of "corroboration" in "laymen's terms."

In *State v. Hardee,* 6 N.C. App. 147, 150, 169 S.E. 2d 533 (1969), in speaking to the identical question, we said:

"Defendant's assignment of error No. 7 is addressed to the failure of the court to define 'corroborative' evidence in its instructions to the jury at the time the testimony was admitted. Defendant cites no authority for his position, nor does the record indicate that he requested the court to define the term. Failure to define the term is not ground for exception. *State v. Lee,* 248 N.C. 327, 103 S.E. 2d 295. Defendant's mere assertion that the jury probably did not

know the meaning of the word is clearly insufficient to show prejudicial error."

This assignment of error is overruled.

[5] Finally, defendant asserts that the court failed to include his requested definition of "beyond a reasonable doubt" as meaning satisfaction to a "moral certainty." Again, we find no merit in defendant's argument. Upon examination of the court's instruction, we find that the actual instruction tendered by the court reaches the substance of defendant's request. Moreover, as our Supreme Court has held, "when instructions are prayed as to 'presumption of innocence' and to enlarge on 'reasonable doubt' it is in the sound discretion of the court below to grant the prayer." *State v. Herring,* 201 N.C. 543, 551, 160 S.E. 891 (1931). In the instant case, no showing of abuse of discretion has been shown.

We have examined the defendant's other assignments of error and find them also to be without merit.

[6] We note that the judgment of the court sentenced defendant to imprisonment for "the term of not less than five (5) years nor more than seven (7) years" as a "Committed Youthful Offender." G.S. 148-49.4 provides, in pertinent part, "At the time of commitment the court shall fix a maximum term not to exceed the limit otherwise prescribed by law for the offense of which the person is convicted." The imposition of a minimum and maximum sentence could conceivably be inconsistent with the provisions of G.S. 148-49.8 (Release of Youthful Offenders). The case must be remanded for the imposition of a sentence in compliance with the provisions of Article 3A, Chapter 148, General Statutes of North Carolina.

Judgment vacated and cause remanded.

Judges VAUGHN and CLARK concur.