STATE OF NORTH CAROLINA v. LARRY WILLIAMS

No. 7520SC664

(Filed 7 January 1976)

1. **Criminal Law §§ 9, 113— instructions on aiding and abetting — supporting evidence**

   In a prosecution for breaking and entering and larceny, the trial court's instruction that the jury might find defendant guilty as an aider and abettor was supported by evidence of defendant's in-custody statement that he accompanied his friends to the vicinity where the crimes were committed, he obtained and furnished the automobile which carried them there, he waited in the car while they broke into a school and until they returned with stolen property, he assisted them in spraying paint on the stolen machines, and he accompanied them while they attempted to pawn one of the machines.

2. Criminal Law § 9— aider and abettor — trial before conviction of per-
   petrators

   It is not necessary that the actual perpetrator of the crime be
   tried and convicted, or even named in the indictment, before one who
   aided and abetted can be tried and convicted.

3. Criminal Law § 139— committed youthful offender — minimum and
   maximum terms

   The imposition of a minimum and maximum sentence on a com-
   mitted youthful offender is inconsistent with G.S. 148-49.8 and G.S.
   148-49.4 since only a maximum term should be imposed.

APPEAL by defendant from *Long, Judge.* Judgment entered
29 April 1975 in Superior Court, MOORE County. Heard in the
Court of Appeals 18 November 1975.

Defendant was indicted for (1) the felonious breaking and
entering of Aberdeen Elementary School and (2) the felonious
larceny therefrom of a calculator, electric typewriter, movie
projector, and other personal property of the Moore County
Board of Education. He pled not guilty.

The State's evidence showed: On the night of 17 January
1975 the Aberdeen Elementary School was broken into and an
electric typewriter, calculator, movie projector and an auto-
harp having a fair market value of about $1800.00 were taken.
On the following day a deputy sheriff of Cumberland County
arrested defendant as he came out of a pawn shop in Fayette-
ville where he had just pawned the calculator. After defendant
was advised of his constitutional rights, he made a statement
to a Moore County deputy sheriff. Defendant told the officer
that on the night of 17 January 1975 he borrowed his sister-in-
law's car and drove two friends down Keyser Street in Aber-
deen, parking on a dirt road near a path leading from the
school; defendant remained in the car while his two friends
went into the school; his friends returned with the office equip-
ment, which they put in the trunk of the car; the next day
they sprayed paint on the machines to cover up the school name;
they then went to Fayetteville, where defendant was picked up
at the pawn shop.

Defendant testified and denied making any statement to
the officer. He testified that on 18 January 1975 he rode with
his sister-in-law and with two friends to Fayetteville, but they
did not tell him why they were going there; when they arrived,
his friends tried to pawn the calculator in a pawn shop but
were not successful; at another pawn shop, defendant followed

his two friends into the shop, where one of his friends pawned the calculator; defendant's friends left the pawn shop before he did; when he came out, his friends were gone and defendant was then arrested.

The jury found defendant guilty of both offenses. The charges were consolidated for judgment, and defendant was sentenced for the term of not less than four nor more than five years as a committed youthful offender. Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Poe, Jr., for the State.*

*P. Wayne Robbins and Bruce T. Cunningham, Jr., for defendant appellant.*

PARKER, Judge.

[1] In his brief the defendant brings forward but one question. He contends the court erred in charging the jury that the defendant could be found guilty if the jury should find either that he committed the offenses himself or that he aided and abetted others in committing the crimes with which he was charged. In support of this contention he argues, first, that there was no evidence indicating that he rendered aid or encouragement to other perpetrators of the crime, and second, that since no co-defendants were tried with him, the court should not have charged the jury that he could be found guilty of aiding and abetting other unknown persons. As to the first argument, the evidence of defendant's own statement to the officer would show that he accompanied his friends to the vicinity where the offenses were committed, that he even obtained and furnished the automobile which carried them there, that he waited in the car while they broke into the school and until they returned with the stolen property, that he assisted them in spraying paint on the stolen machines, and that he accompanied them while they attempted to pawn one of the machines. This evidence was amply sufficient to warrant the court in instructing the jury that they might find defendant guilty as an aider and abettor. "To be guilty as an aider and abettor, a defendant's actual presence is not necessary as he may be constructively present." *State v. Torain*, 20 N.C. App. 69, 70, 200 S.E. 2d 665, 666 (1973). One who, with knowledge that another intends to commit a crime, accompanies the actual

perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in the vicinity for the purpose of aiding or abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual perpetrator may get away from the scene upon the completion of the offense, is a principal in the second degree and equally liable with the actual perpetrator. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866 (1971).

[2] As to the defendant's second argument, it is not necessary that the actual perpetrators of the crime be tried and convicted, or even named in the indictment, before the one who aided and abetted can be tried and convicted. *State v. Beach,* 283 N.C. 261, 196 S.E. 2d 214 (1973).

[3] We find no error in the trial. However, we note that by judgment entered the defendant was sentenced as a committed youthful offender for the term of not less than four nor more than five years. The imposition of a minimum and maximum sentence appears inconsistent with G.S. 148-49.8, *State v. Satterfield,* 27 N.C. App. 270, 218 S.E. 2d 504 (1975) and with G.S. 148-49.4 which deals with the sentencing of a youthful offender and which provides that "[a]t the time of commitment the court shall fix a *maximum* term not to exceed the limit otherwise prescribed by law for the offense of which the person is convicted." (Emphasis added.) Accordingly, the judgment entered is vacated and this case is remanded for imposition of a sentence consistent with Article 3A of G.S. Ch. 148.

Vacated and remanded.

Judges HEDRICK and ARNOLD concur.