STATE OF NORTH CAROLINA v. WILLIAM TIMOTHY LAIL, JR.

No. 7827SC1167

(Filed 1 May 1979)

**1. Searches and Seizures § 11— warrantless search of vehicle—probable cause**

Officers had probable cause to believe that a search of defendant's vehicle would reveal a pistol which had been taken during a break-in and a warrantless search of the vehicle was not unreasonable where a person told an officer that he took part in the break-in; that he gave the pistol he stole to defendant who put it in his trousers; a pat-down of defendant revealed no

State v. Lail

weapon; and in response to the officer's question as to whether he had a vehi-
cle, defendant pointed out his van which was fifteen or twenty feet from de-
fendant.

2. **Criminal Law § 89.2— witness not impeached—corroborative testimony admissible**

The trial court did not err in admitting corroborative testimony though the witness had not been impeached.


APPEAL by defendant from *Gaines, Judge.* Judgment entered 9 August 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 28 March 1979.

Defendant was indicted for feloniously receiving stolen goods, a .38 caliber Colt pistol and holster. The State presented evidence that on 6 April 1978 the residence of Jack Black was broken into, and some old money, a Seiko watch, and a .38 caliber Colt pistol were stolen. At trial Black identified State's Exhibit No. 1 as his pistol.

David Guy Jones testified that on 6 April he and defendant's son, Troy, broke into two houses, and from the second house he took some old money, a Seiko watch, and a .38 caliber pistol. He put the money and watch in his pocket and the gun in his pants. He then went to a gas station, where he sold the gun to defendant. Over objection, Jones testified that he and Troy told defendant that the gun was stolen before he bought it from them. State's Exhibit No. 1 appeared to be the same gun and holster that he sold to defendant.

Officer Sprott of the Gastonia Police took Jones into custody at the gas station and advised him of his rights. Jones then told Sprott "that he was in fact one of the persons involved in the break-in. . . . I asked Mr. Jones if he could tell me where [the] pistol was. He stated that it was given to [defendant] while they were at the station before I arrived." Defendant was standing nearby. Sprott patted him down and found no gun on him, so he asked defendant if he had a vehicle and defendant pointed out a red van fifteen to twenty feet away. Sprott asked Officer Self to search the vehicle for the weapon. Sprott identified State's Exhibit No. 1 as the weapon later given to him by Officer Self. Having received the weapon, Sprott placed defendant under arrest.

Officer Self of the Gastonia Police testified that he searched the red van defendant indicated as his vehicle and found a pistol in a holster under the driver's seat. He gave this pistol to Officer Sprott. The trial court found facts and concluded that there was probable cause for the search, that a warrantless search was justified due to the mobility of the vehicle and the information Sprott had obtained from Jones, and that the pistol was admissible into evidence.

Defendant presented no evidence. He was found guilty of feloniously receiving stolen goods and sentenced to five to seven years. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Robert H. Forbes for defendant appellant.*

ARNOLD, Judge.

Defendant's argument that hearsay testimony was admitted is without merit. None of the testimony which defendant challenges under this assignment of error falls within the definition of hearsay, that is, an assertion of a person other than the witness which is offered to prove the truth of the matter asserted. 1 Stansbury's N.C. Evidence § 138 (Brandis rev. 1973). Two of the challenged statements are testimony as to what the *witness* told the defendant, the third is not an assertion, and the fourth is not offered to prove the truth of the matter asserted but merely to prove that a statement was made.

[1] Defendant contends that the court improperly admitted into evidence testimony about the search of defendant's vehicle which revealed the pistol. He would have us find that the warrantless search was unreasonable. However, our Supreme Court has indicated that "[i]n recognition of the mobility of automobiles, a search of an automobile without a warrant is constitutionally permissible *if there is probable cause to make the search." State v. Ratliff*, 281 N.C. 397, 403, 189 S.E. 2d 179, 182 (1972) (emphasis in original). And there is ample evidentiary support here for the trial court's conclusion that probable cause existed. Jones told Officer Sprott that he took part in the break-in, and that he gave the pistol he stole to defendant, who put it in his trousers. A pat-

State v. Lail

down of defendant revealed no weapon, but in response to Sprott's question defendant pointed out his vehicle "fifteen to twenty feet from where he was at that point." These facts are sufficient to give the officers probable cause to believe that their search of the vehicle would reveal " 'the instrumentality of a crime or evidence pertaining to a crime.' " *Id.* at 403, 189 S.E. 2d at 183, quoting *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 20 L.Ed. 2d 538, 88 S.Ct. 1472 (1968).

Nor does the fact that a number of officers were on the scene and, as defendant argues, "one or more of the officers could . . . have remained with the defendant's vehicle while one or more of the officers left the scene to secure a search warrant" affect this result. "If there is probable cause to search an automobile, the officer may either seize and hold the vehicle before presenting the probable cause issue to a magistrate, or he may carry out an immediate search without a warrant." *State v. Ratliff, supra* at 403, 189 S.E. 2d at 183.

[2] David Jones was allowed to testify about the statement he gave Officer Sprott after he was taken into custody, and the jury was instructed that the statement was offered only as corroboration of Jones' other testimony. Defendant argues that it was improper to admit corroborative testimony, since the witness had not been impeached. However, in North Carolina the scope of impeachment as a prerequisite to corroboration is extremely broad, see 1 Stansbury's N.C. Evidence § 50 (Brandis rev. 1973), and recent cases ignore the requirement of impeachment altogether. *E.g. State v. Fields*, 10 N.C. App. 105, 177 S.E. 2d 724 (1970).

Moreover, we find no prejudice to defendant from the admission of the challenged testimony. Only one of the witness's answers referred to defendant ("I told him that I sold [the pistol] to [defendant]"), and this evidence had already been admitted. Asked "[A]nd did you tell him anything about what if anything you all told [defendant] about where the gun came from?" Jones answered only, "I don't believe so—not at the time." We find no prejudicial error in the admission of the corroboration.

We have considered defendant's other assignments of error, and we find that they are without merit.

No error.

Chief Judge MORRIS and Judge CLARK concur.