STATE OF NORTH CAROLINA v. ALONZO SUTTON

No. 792SC113

(Filed 5 June 1979)

**Criminal Law §§ 9.1, 113.7— instructions—aiding and abetting—actual or constructive presence at crime scene**

The trial court erred in giving the jury an instruction which would permit the jury to find defendant guilty of armed robbery as an aider and abettor if it found that defendant's only participation was the furnishing of an automobile to the actual robber prior to the robbery and that defendant was not actually or constructively present at the scene of the robbery.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 26 April 1978 in Superior Court, WASHINGTON County. Heard in the Court of Appeals on 30 April 1979.

Defendant was charged in a proper indictment with armed robbery. Upon his plea of not guilty, the State presented evidence tending to show the following:

On 23 November 1977, at approximately 7:45 a.m., a brown paneled station wagon with New York license plates pulled into the Zip Mart convenience store in Plymouth, North Carolina. Thurman Dixon and another man not the defendant entered the Zip Mart and purchased two soft drinks. Shortly after 8:00 a.m., a man identified as Thurman Dixon entered the store carrying a handgun and wearing a woman's stocking over his head. Dixon led the only employee present in the store to the back of the building and shut her in the bathroom. He then took the contents of a safe, including approximately $1,400 in rolled bills in a blue Branch Banking and Trust Company bag and some rolls of coins. Approximately thirty minutes after the robbery, several police officers arrived at Thurman Dixon's mobile home. The mobile home

had two bedrooms, one occupied by Dixon and his wife, and one by the defendant. A search of the bedroom occupied by the defendant revealed approximately $630 in bills located between a mattress and box springs, and a green jacket belonging to the defendant that contained a panty hose stocking and several rolls of coins. In Dixon's bedroom, the officers found a blue Banch Banking and Trust Company bag containing $74 in change. A brown Ford station wagon with New York license plates that was identified as belonging to the defendant was also found outside the mobile home.

Defendant presented evidence tending to show the following:

The defendant had recently driven from New York and had brought the $630 found between the mattress with him on that trip. The rolled coins found in the green jacket also belonged to him, and he carried them to pay tolls in his work as a truck driver. Defendant had nothing to do with the robbery. He had loaned his car out the night before the robbery and did not know when it was returned.

Defendant was found guilty as charged. From a judgment imposing a prison sentence of thirty years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*Hutchins, Romanet, Thompson & Hilliard, by Charles T. Busby, for defendant appellant.*

HEDRICK, Judge.

By his first two assignments of error, the defendant contends that the trial judge incorrectly instructed the jury with regard to the law of aiding and abetting and then incorrectly applied the law to the facts of the case. Defendant argues that the instructions given would permit the jury to find him guilty of aiding and abetting without finding that he was either actually or constructively present at the scene of the crime. We agree.

After charging the jury with regard to the legal principle of aiding and abetting, the trial judge gave the following instruction:

[S]o I charge you that if you find, beyond a reasonable doubt . . . that if [the defendant] was not physically present, that

he shared the criminal purpose of Thurman Dixon and to the knowledge of Dixon assisted him by furnishing a motor vehicle and planning the crime and thereby aided him, it would be your duty to return a verdict of guilty of armed robbery as to Alonzo Sutton.

This instruction is erroneous because it would permit the jury to find the defendant guilty of aiding and abetting if they found that his only participation was the furnishing of the automobile to Dixon prior to the time that Dixon committed the crime, even though the jury also found that the defendant was not present during the commission of the offense and had no knowledge that the crime would be committed. "[P]resence, either actual or constructive, is indispensable to the position of a principal in the second degree." *State v. Wiggins*, 16 N.C. App. 527, 530, 192 S.E. 2d 680, 682 (1972). When a person is not actually present at the scene of the offense, to be guilty of aiding and abetting he must have the intent to aid the perpetrators in the commission of the offense should his assistance become necessary and be near enough to render such assistance, and he must communicate this intent to the perpetrators. *State v. Sanders*, 288 N.C. 285, 290-91, 218 S.E. 2d 352, 357 (1975); *State v. Gregory*, 37 N.C. App. 693, 247 S.E. 2d 19 (1978); *State v. Williams*, 28 N.C. App. 320, 220 S.E. 2d 856 (1976). If the jury finds that the defendant was neither actually nor constructively present at the scene of the crime, the evidence in this case would permit the jury to find him guilty at most, of being an accessory before the fact. *State v. Wiggins*, *supra.* For error in the instructions, the defendant is entitled to a new trial.

We find it unnecessary to discuss defendant's remaining assignment of error since it is unlikely to recur at a new trial.

New trial.

Chief Judge MORRIS and Judge WEBB concur.