STATE OF NORTH CAROLINA v. WILLIE RAY RUFFIN

No. 887SC105

(Filed 19 July 1988)

**1. Criminal Law § 92.1— consolidation of charges against two defendants—same offenses—joinder proper**

There was no merit to defendant's contention that the trial court erred in granting the State's motion for joinder and denying his motion to sever his trial from that of a codefendant where each defendant was charged with accountability for the same offenses, and defendant's assertion that he was deprived of his codefendant's favorable testimony was unsupported by any indication as to what that favorable testimony would have been. N.C.G.S. § 15A-926(b).

**2. Criminal Law § 79— assault conspiracy—first degree burglary charged—defendant responsible for crimes committed during conspiracy**

Defendant's contention that a first degree burglary charge should have been dismissed because there was no common scheme or plan to commit that crime was without merit, since the common plan was to "rough up" a named person; in order to commit the assault, it was necessary to enter the victim's home or to lure her outside; two of defendant's accomplices kicked in the door of the victim's home and entered it, followed later by defendant and a third accomplice; and the burglary was obviously committed in pursuance of the common plan or scheme to assault the victim.

**3. Burglary and Unlawful Breakings § 5.3— defendant absent from scene of burglary—conviction proper**

Defendant's contention that he could not be convicted of first degree burglary because he was not present at the scene was without merit, since, to be guilty of an offense by reason of acting in concert, a defendant need not actually be present if he is constructively present, and the evidence in this case supported a finding that defendant was constructively present because he was down the street from the home which was burglarized, near enough to render assistance and to encourage the perpetration of the crime.

**4. Burglary and Unlawful Breakings § 5.3— first degree burglary—acting in concert—sufficiency of evidence**

There was no merit to defendant's contention that the trial judge should not have submitted a burglary charge to the jury because defendant committed no act constituting an element of the offense, since there was ample evidence of a common plan or scheme, and it is not necessary that a defendant commit any act in order to be convicted under the theory of acting in concert if a defendant is present and there is a common scheme or plan with a principal.

**5. Criminal Law § 113.6— two defendants—jury instructions—use of and/or—defendant not prejudiced**

Defendant whose trial was joined with that of another was not prejudiced where the trial court used the phrase "defendant, and/or either of them" in

setting forth the elements of each of the offenses charged, since the court gave thorough instructions before the jury selection began and in its final instructions concerning the jury's duty to consider charges against each defendant separately; in its final mandate on each of the offenses the trial court properly instructed the jury without the use of the term "and/or"; the jury could not have been misled by the instructions; and the two defendants were convicted of different crimes.

APPEAL by defendant from *Stevens (Henry L., III), Judge.* Judgment entered 11 September 1987 in Superior Court, WILSON County. Heard in the Court of Appeals 1 June 1988.

Defendant was found guilty of two counts of assault with a deadly weapon inflicting serious injury and first-degree burglary. From judgments imposing a life sentence for the offense of first-degree burglary and consecutive three-year sentences for the felonious assaults, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Thomas R. Sallenger for defendant-appellant.*

SMITH, Judge.

[1] Defendant assigns error to the trial court's granting of the State's motion for joinder and denial of his motion to sever his trial from that of co-defendant Irvin Barnes. Defendant contends that the joint trial deprived him of favorable testimony from his codefendant and further compelled him to accept the theory of defense advanced by the codefendant thereby denying defendant his constitutional right to a fair trial. We disagree.

G.S. 15A-926(b) provides in part:

(2) Upon written motion of the prosecutor, charges against two or more defendants may be joined for trial:

a. When each of the defendants is charged with accountability for each offense; or

b. When, even if all of the defendants are not charged with accountability for each offense, the several offenses charged:

1. Were part of a common scheme or plan; or

2. Were part of the same act or transaction; or

3. Were so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.

In the instant case, each defendant was charged with accountability for the same offenses, thus joinder was permissible. When joinder is permissible under the statute, whether to sever trials or deny joinder is a question lodged within the discretion of the trial judge whose rulings will not be disturbed on appeal unless it is demonstrated that joinder deprived defendant of a fair trial. *State v. Boykin*, 307 N.C. 87, 296 S.E. 2d 258 (1982). *Accord State v. Nelson*, 298 N.C. 573, 260 S.E. 2d 629 (1979), *cert. denied*, 446 U.S. 929, 64 L.Ed. 2d 282, 100 S.Ct. 1867 (1980).

In the case *sub judice*, the only assertion that defendant was deprived of the codefendant's favorable testimony is the unsupported statement of defendant's counsel. Neither the motion nor the record on appeal indicates what the exculpatory testimony would have been. Defendant's "unsupported statement of possible prejudice is not sufficient to show abuse of discretion on the part of the trial judge in allowing the motion to consolidate." *State v. Davis*, 289 N.C. 500, 508, 223 S.E. 2d 296, 301, *death sentence vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 47 (1976). Additionally, the record in this case discloses that prior to any ruling on the motion to sever, defendant's counsel told the court "that joinder . . . effectively prevents codefendant Barnes from testifying in exculpation of the defendant Ruffin. We do not, however, have statements from the defendant Barnes placed into the record in support of that motion." At the same hearing, the codefendant's counsel stated he did not wish to be heard and felt that it was not damaging to the codefendant's case for the two defendants to be tried together. Defendant has failed to demonstrate that joinder of the cases deprived him of a fair trial. Defendant's further assertion to the trial court that the defendants' defenses would be antagonistic is likewise unsupported by the record. In the instant case, neither defendant offered evidence. This assignment of error is overruled.

Defendant next contends that the trial court erred in denying his motion to dismiss the burglary charge. The test for a motion to dismiss is whether, considering the evidence in the light most

favorable to the State and giving the State the benefit of all discrepancies and all reasonable inferences, there is substantial evidence of each material element of the offense. *State v. Locklear*, 304 N.C. 534, 284 S.E. 2d 500 (1981); *State v. Dillard*, 90 N.C. App. ---, 368 S.E. 2d 442 (1988). Considering the evidence in this context, the facts necessary to an understanding of this assignment of error are essentially as follows. Defendant, Eric Blount, Irvin Barnes and David Howard were recruited by Plummer Ruffin to go to the home of Rosa Epps in or near Saratoga, North Carolina to "rough up" Epps, a former girlfriend of Plummer Ruffin. On the evening of 5 January 1987 Plummer Ruffin drove Howard, Blount, Barnes and defendant to an area near Epps' residence and gave them metal pipes. The four men then walked to the vicinity of Epps' home. Though the record is unclear as to the exact distance, defendant and Barnes remained down the street while Howard and Blount went to the residence and tried unsuccessfully to gain entry by subterfuge. The schemes included a request to use the telephone, a request to use the bathroom and a request for a ride, all of which were refused. The two men then left and started down the street. As they were walking, they discussed the uncooperativeness of the persons in the dwelling. Howard and Blount then returned to the residence, kicked in the door and entered the home. Subsequently, defendant and Barnes entered the home.

In support of his argument that the burglary charge should have been dismissed, defendant contends that he cannot be held accountable on the theory of acting in concert since the common plan or scheme was merely to "rough up" Epps. Defendant also contends that the evidence discloses he was not present at the scene when Howard and Blount committed the burglary.

[2] Defendant's contention that the first-degree burglary charge should have been dismissed because there was no common scheme or plan to commit that crime is without merit. Our Supreme Court in *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971), *death sentence vacated*, 408 U.S. 939, 33 L.Ed. 2d 761, 92 S.Ct. 2873 (1972), found no error in the following jury instruction:

[I]f two persons join in a purpose to commit a crime, each of them, if *actually or constructively present*, is not only guilty

as a principal if the other commits that particular crime, but he is also guilty of *any other crime* committed by the other in pursuance of the common purpose; . . . or as a natural or probable consequence thereof. (Emphasis added.)

*Id.* at 41-42, 181 S.E. 2d at 586. *Cited with approval State v. Miller*, 315 N.C. 773, 340 S.E. 2d 290 (1986). *Accord State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979). In order to commit the assault on Rosa Epps, it was necessary that entry be gained to the home or that she be lured outside. Obviously this burglary was committed in pursuance of the common plan or scheme to assault Rosa Epps.

[3] We also hold that the defendant's contention that he was not present at the scene is without merit. To be guilty of an offense by reason of acting in concert, actual presence is not necessary and constructive presence will suffice. *State v. Westbrook, supra.* The evidence, considered in the light most favorable to the State, supports a finding that defendant was constructively present since he was near enough to render assistance and to encourage the perpetration of the crime. *State v. Buie*, 26 N.C. App. 151, 215 S.E. 2d 401 (1975). In defining constructive presence with regard to aiding and abetting, it has been held that actual distance from the scene is not determinative. *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866 (1971); *State v. Gregory*, 37 N.C. App. 693, 247 S.E. 2d 19 (1978); *State v. Williams*, 28 N.C. App. 320, 220 S.E. 2d 856 (1976); *State v. Buie, supra.* In *Gregory*, as in this case, defendant was some distance away but sufficiently close to be able to render assistance if needed. We can discern no just reason for defining constructive presence any differently in cases involving acting in concert than in cases involving aiding and abetting and thus decline to do so.

[4] Defendant also contends the trial judge should not have submitted the burglary charge to the jury because defendant committed no act constituting an element of the offense. Defendant's reliance on *State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975), is misplaced. In that case, this court held that (1) there was no evidence of a common scheme or plan and (2) that the defendant committed no act which constitutes an element of the crime. Here, we have ample evidence of a common plan or scheme. In discussing *Mitchell* our Supreme Court has held that it is not

State v. Ruffin

necessary that a defendant commit any act in order to be convicted under the theory of acting in concert if a defendant is present and there is a common scheme or plan with a principal. *State v. Joyner, supra.*

[5] Lastly, defendant contends the trial court erred in its instructions to the jury by using the phrase "defendant, and/or either of them" in setting forth the elements of each of the offenses charged. Defendant argues that this type of instruction could have led the jury to believe (1) that they could convict defendant even though they did not believe defendant and Barnes were acting in concert or (2) that the jury could convict defendant if they found that any of the codefendants committed the offenses charged. Defendant did not object to the instruction. In fact, defense counsel informed the court that he had no objection to the instruction as given. Defendant thus relies on the "plain error doctrine." *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). Although we highly disapprove of the term "and/or" as used by the trial judge, we find no prejudicial error.

Before jury selection began, the trial court instructed the jury in part as follows:

Now, Ladies and Gentlemen of the Jury, the Court instructs you and wants it clearly understood that although these two defendants in this case are being tried on the same charges and at the same time, that each charge alleged against each one of these defendants is absolutely separate and independent from any charge or other charges alleged against another defendant. You will make your determination based solely upon the evidence and the charge in this case as it relates to each charge and each defendant, separate and apart from the other defendant or from any other charges. That is to say, each charge stands on its own bottom, so to speak, as against each defendant, and that your findings in one case does [sic] not dictate your findings in another case. As I said to you, each case is separate and independent of the other case to the same extent as if they were to be tried separately. They are being tried together, however, for a matter of convenience.

In its final instructions to the jury, the court stated:

> Now, the Court instructs you that although these two
> defendants, Barnes and Ruffin, are being tried on charges of
> rape, sexual offense, burglary, robbery and felonious assault
> at the same time, each of the alleged charges is to be con-
> sidered by you separately and independently from each of
> the other charges, even though the charges have been joined
> for trial in this case. Therefore, your determination of the
> guilt or innocence of a particular defendant on one charge is
> not dependent or binding or controlling upon your determina-
> tion of guilt or innocence of other charges found by you in
> favor of or against the same or the other defendant. A de-
> fendant shall be found guilty or not guilty of a particular
> charge by separate determination by you of each charge,
> completely independently and absolutely apart from another
> charge or charges, and each defendant shall be found guilty
> or innocent completely separate and absolutely independently
> from the other defendant.

Additionally, in its final mandate on each of the offenses the trial
court properly instructed the jury without the use of the term
"and/or." The facts in the instant case are readily distinguishable
from *State v. McCollum*, 321 N.C. 557, 364 S.E. 2d 112 (1988), on
which defendant relies. In that case, the trial judge used the term
"and/or" in instructing the jury on the elements of the offenses as
well as in his final mandate.

In this case, construing the judge's instructions contextually
as we must, we hold that the jury could not have understood that
if it found the codefendant guilty of an offense, it must also find
defendant guilty of the same offense. *State v. Tomblin*, 276 N.C.
273, 171 S.E. 2d 901 (1970). Defendant's assertions that the jury
could have been misled are not supported by the record. Defend-
ant was convicted of first-degree burglary and two counts of
assault with a deadly weapon inflicting serious injury, but was
found not guilty of two counts of rape, first-degree sexual offense
and armed robbery. The codefendant was found guilty of the
armed robbery, first degree sexual offense and rape in addition to
the offenses for which defendant was convicted. In defining the
elements of the rape, sexual offense and armed robbery, the trial
judge also used the term "and/or." Obviously, the jury was not

misled by the use of the term or they would have convicted defendant and the codefendant of exactly the same crimes.

No prejudicial error.

No error.

Judges EAGLES and ORR concur.