STATE OF NORTH CAROLINA v. RICKY MURRAY

No. 7515SC501

(Filed 1 October 1975)

1. **Criminal Law § 88— cross-examination — conclusiveness of answer — motive in testifying**

   In this prosecution for breaking and entering, defendant was not bound by the answer of a State's witness on cross-examination that no promises had been made to him concerning his testimony and that he had not stated to a defense witness that prison authorities had told him that he would serve the entire maximum portion of his sentence if he did not testify against defendant, and the trial court erred in the exclusion of testimony by the defense witness that the State's witness had made such a statement to him, since answers on cross-examination tending to show motive and interest of the witness in testifying against defendant are not conclusive.

2. **Burglary and Unlawful Breakings § 5; Criminal Law § 10— accessory before fact to break-in**

   Defendant could be guilty at most of being an accessory before the fact to a felonious breaking and entering where the evidence

State v. Murray

tended to show that defendant drove two others to a grill, advised them how to break in through a panel in the back door, and left them there, and that defendant was to return later and pick them up, and there was no evidence that defendant was present or was situated where he could give advice, aid or encouragement to the perpetrators of the break-in.

APPEAL by defendant from *Walker (Ralph A.), Judge.* Judgment entered 20 March 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 25 September 1975.

Defendant was tried on his plea of not guilty to an indictment charging him with felonious breaking and entering. The State's evidence showed that at approximately 12:40 a.m. on 7 January 1974 a Burlington Police Officer, observing that a section of the door at the rear of the Queen Ann Grill had been removed, entered the building and apprehended therein Michael Allison and Ronald Stewart. Allison testified for the State that earlier in the evening he, Stewart, one Michael Moize, and defendant had been together, that defendant drove them to the Queen Ann Grill and advised them how to break in through a panel in the back door, that he and Stewart got out of the vehicle, that defendant was to return later and pick them up, that he and Stewart broke into the Grill and gathered anything of value, and that they had been in the Grill about 45 minutes when the officer arrested them. The owner of the Grill testified that he had not given defendant or anyone else permission to enter the Grill.

Stewart, presented as a witness for the defense, testified that he, Moize, and Allison were involved in the break-in but that defendant did not have anything to do with it, that he had borrowed defendant's car for the purpose of going to buy some beer, and that Moize drove the car to the Grill. Defendant presented evidence that he was at home when the break-in of the Grill occurred.

The jury found defendant guilty and from judgment on the verdict imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney Claudette Hardaway for the State.*

*John P. Paisley, Jr. for defendant appellant.*

PARKER, Judge.

[1]   The State's witness, Allison, testified that he had received a one-day to four-year sentence for his part in the break-in at the Queen Ann Grill. On cross-examination he denied that any promises had been made to him concerning his testimony and specifically .denied that while in the courtroom :on the morning of defendant's trial he stated to defendant's witness, Ronald Stewart, that he had been told· that he would serve the entire four years if he did not testify in this case. When presenting evidence for the defense, defendant's counsel asked Stewart to tell the jury what Allison had stated to him on the morning of the trial. Upon objection being made by the district attorney, the court sent the jury out and conducted a voir dire hearing. At this hearing Stewart testified in the absence of the jury that Allison stated to him on the morning of defendant's trial that the officials.at Umstead Youth Center where Allison ,was incarcerated had told him "that if he did not testify for the State that they would see ·to it that he did pull the maximum for his sentence." At the voir dire hearing Allison denied that he had made any such statement to Stewart and denied that any. official of the Department of Correction had threatened him or said that he would have to pull four years if he didn't testify for the State. At the conclusion of the voir dire examination the court found as a fact that Allison was incarcerated as a committed youthful offender, that he was under review for conditional release, that his release was in no way connected with his giving testimony in this cause, and concluded that Allison's testimony was given without threat or promise having been made by officials of the State of North Carolina.

In taking from the jury's consideration Stewart's testimony as to what Allison had stated to him on the morning of the trial, the court committed error.

"It is a general rule of evidence in North Carolina 'that answers made by a witness to collateral questions on cross-examination. are conclusive, and that the party who draws out such answers will not be permitted to contradict them; which rule is' subject to two exceptions, first, where the question put to the witness on cross-examination tends to connect him directly with the cause or the parties, and second, where the cross-examination is as to a matter tending to show motive, temper, disposition, conduct, or interest of

the witness toward the cause or parties.' " *State v. Long,* 280 N.C. 633, 639, 187 S.E. 2d 47, 50 (1972).

Here, the question put to Allison on cross-examination was clearly as to a matter tending to show his motive and interest in testifying against the defendant. Therefore, defendant was not bound by Allison's answer but was entitled to prove the matter by other witnesses. 1 Stansbury's N. C. Evidence (Brandis Revision) § 48, p. 137. The State's entire case depended solely upon Allison's testimony. No other evidence connected defendant in any way with the crime charged. Allison's credibility was thus the paramount matter for the jury to determine, and when the court excluded Stewart's testimony from the jury's consideration as noted above, defendant suffered prejudicial error for which he is entitled to a new trial.

[2]  Apart from the foregoing, there is no evidence in the record which would support a finding that at the time the break-in was committed, defendant was present or was situated where he could give Allison and Stewart any advice, aid, or encouragement. Since there was no evidence that defendant was either actually or constructively present when the offense was committed, he could be guilty at most of being an accessory before the fact. Upon remand of this case, defendant may be tried under the original bill of indictment for the offense of being an accessory before the fact to the felonious breaking and entering described in the indictment. *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972). In this connection, however, we note that the original bill of indictment describes the premises entered as "a building occupied by Gilbert Pore trading as Queen Ann Grill used as a restaurant located at 203 Queen Ann Street, Burlington, North Carolina," while the evidence indicates that the building entered was one occupied by Gilbert Pore trading as Queen Ann Grill located at 803 Queen Ann Street. Although we do not consider the discrepancy in the number of the street address to constitute a fatal variance in view of the other language identifying the premises, it may be that the district attorney, should he so elect, may decide to prepare a new bill of indictment charging defendant with being an accessory before the fact to the felonious breaking and entering by Allison and Stewart of the building occupied by Pore trading as the Queen

Ann Grill, designating the building by the correct street number address.

New trial.

Judges BRITT and CLARK concur.