STATE OF NORTH CAROLINA v. RONNIE WAYNE HOWELL

No. 827SC107

(Filed 19 October 1982)

1. **Constitutional Law § 30; Criminal Law § 89.8— whether witness granted immunity—disclosure not required**

    The trial court did not err in the denial of defendant's motion that the district attorney be required pursuant to G.S. 15A-1054(c) to disclose whether a prosecuting witness had been granted immunity or concessions by prosecutors in other counties where the district attorney informed the court that no

State v. Howell

arrangement had been made with his office, the prosecuting witness denied that he was to receive preferential treatment for testifying, and there was nothing in the record to show that an agreement had been made with the witness.

**2. Receiving Stolen Goods § 4— felonious possession of stolen property—relevancy of evidence**

In a prosecution for felonious possession of stolen firearms, testimony by a witness that he had visited defendant's store to deliver a television set and to accompany a friend who wanted to pawn his sister's watch, and testimony by an undercover agent that defendant had sold a gun to him was relevant to prove defendant's motive for the crime, to establish a link between the witnesses and the defendant, and to show defendant's reason to believe that the firearms he possessed had been stolen.

**3. Receiving Stolen Goods § 4— property owned by defendant and his wife—irrelevancy—harmless error**

In a prosecution for felonious possession of stolen firearms, testimony by defendant's wife as to how much personal and real property she and defendant owned was irrelevant, but its admission was not prejudicial error.

**4. Attorneys at Law § 4; Criminal Law § 88.3— refusal to permit attorney to withdraw and testify**

The trial court did not err in denying defendant's request to allow one of his attorneys to withdraw and testify as to a prior inconsistent statement of a State's witness in order to contradict testimony by the witness on cross-examination where defendant's request was based on the contention that the statement concerned a material issue and the trial court properly found that the witness's prior statement was "collateral" and had nothing to do with the material issues of the crime with which defendant was charged. Even if defendant's objection had been based on the contention that the statement came within an exception to the rule concerning the acceptance of a witness's answer on cross-examination about collateral matters, any error in the court's ruling was harmless.

**5. Criminal Law § 96— withdrawal of evidence—curative instructions**

Any prejudicial effect of a witness's remarks during cross-examination by the district attorney was removed by the trial judge's instructions to the jury to disregard the remarks.

APPEAL by defendant from *Reid, Judge.* Judgment entered 7 October 1981 in Superior Court, NASH County. Heard in Court of Appeals 14 September 1982.

The defendant was charged in a proper bill of indictment with felonious possession of stolen goods, to wit: four firearms with a total value of $850. Upon defendant's plea of not guilty, the State offered evidence tending to show the following: On 13

March 1981, law enforcement officers from the Rocky Mount Police Department, Nash County Sheriff's Office and the United States Department of the Treasury searched the defendant's residence in Nash County. The officers seized twenty-seven firearms of various descriptions. A subsequent investigation revealed that four of the firearms had been stolen. The State offered further evidence tending to show that the defendant took possession of the firearms knowing and having reasonable grounds to believe the guns to have been feloniously stolen. The defendant offered evidence tending to show he did not know or have reasonable grounds to believe that the guns in his possession had been stolen.

The jury found the defendant guilty of felonious possession of three of the firearms. The trial judge imposed a prison sentence of one to three years. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Lemuel W. Hinton, for the State, appellee.*

*Moore, Diedrick, Whitaker and Carlisle, by L. G. Diedrick and Joe M. Hester, Jr., for the defendant, appellant.*

HEDRICK, Judge.

[1] The defendant first contends by his Assignment of Error No. 3 that the trial judge erred when he failed to require the District Attorney to disclose whether the prosecuting witness, Willie Lee Smith, had been granted immunity or concessions by prosecutors in other counties in violation of G.S. § 15A-1054. Our review of the record finds no ruling on the defendant's motion requesting the trial judge to order such a disclosure by the district attorney. Therefore, there is no question properly before this court for review. However, assuming that the trial judge actually denied the defendant's motion, the defendant failed to show any violation of G.S. § 15A-1054(c) which provides:

When a prosecutor enters into any arrangement authorized by this section, written notice fully disclosing the terms of the arrangement must be provided to defense counsel, or to the defendant if not represented by counsel, against whom such testimony is to be offered, a reasonable time prior to any proceeding in which the person with whom the arrange-

ment is made is expected to testify. Upon motion of the defendant or his counsel on grounds of surprise or for other good cause or when the interest of justice require, the court must grant a recess.

G.S. § 15A-1054(c) requires disclosure of a prosecutor's arrangement with a witness *only* when an arrangement has been reached. In this case, there is nothing in the record to show that any agreement had been made with the witness, Smith.

The trial record indicates that the District Attorney informed the court, in response to this motion, that no arrangement had been made with his office. Furthermore, under cross examination the witness, Smith, expressly denied that he was to receive preferential treatment for testifying. The defendant has made no showing of proof to the contrary, and he only speculates that concessions had been made because the witness had not been sentenced in one case and had received shorter sentences than his co-criminals in another case. Therefore, we find no violation of G.S. § 15A-1054(c).

[2]  The defendant next contends in Assignment of Error Nos. 4, 5 and 6, based on Exception Nos. 3-23 and 25-27, that the trial court erred in allowing witnesses to testify about matters tending to show that the defendant was involved in a continuing criminal enterprise of receiving stolen goods. The defendant argues such testimony was intended solely to impugn the defendant's character and that such evidence was irrelevant, immaterial and prejudicial.

The standard test for relevancy and materiality is whether the evidence "has any logical tendency, however slight, to prove a fact in issue." 1 *Brandis on North Carolina Evidence*, § 77 (2d ed. 1982).

> It is not required that evidence bear directly on the question in issue, and evidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact. (Citations omitted.)

*State v. Arnold*, 284 N.C. 41, 47-48, 199 S.E. 2d 423, 427 (1973). The basic fact in issue in this case was whether the defendant

knew and had reason to believe that the firearms he possessed were stolen. The defendant's exceptions relate to three pieces of testimony. First, Willie Lee Smith testified that he had visited defendant's grocery store on several occasions, once to deliver a television set and another time to accompany a friend, who wanted to pawn his sister's watch. Second, an undercover agent of the Bureau of Alcohol, Tobacco and Firearms testified that the defendant had sold a gun to him. Third, defendant's wife testified as to how much personal and real property she and the defendant owned.

We find that all the evidence challenged by these exceptions, except that of the wife regarding the property she and defendant owned, was not irrelevant or immaterial. Although the evidence did not relate directly to the crime for which the defendant was tried, it did have a logical tendency to prove the defendant's motive for the crime, the witnesses' familiarity with the defendant, the connection between defendant's witnesses and the State's witnesses and the defendant's reason to believe the guns he possessed had been stolen. Defendant, in Assignment of Error No. 6, specifically objects to the testimony of the ATF agent as irrelevant, immaterial and incompetent because it tends to show the defendant's involvement in an independent offense. However, the testimony is relevant and material insofar as it establishes the defendant's motive for possessing firearms and establishes a link between the witness and the defendant. As a general rule, evidence showing the defendant has committed another distinct or separate crime is inadmissible evidence, *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954), but here the testimony objected to did not amount to evidence of a separate, independent offense. The ATF agent simply testified that the defendant had sold him a shotgun. The trial judge struck from the record further testimony by the ATF agent that he had asked the defendant about keeping record of the sale. Thus, there was no evidence admitted that showed the defendant's involvement in a separate offense. The testimony was properly limited by the trial judge and admitted as relevant, material and competent evidence.

[3]   With respect to the testimony of the wife with respect to the property she and defendant owned, we agree with the defendant and find no relevance for this testimony; however, its admission was clearly not prejudicial error. The trial judge has considerable

discretion with respect to cross examination and we find no abuse of discretion in his allowing the wife's testimony. Even so, its admission was clearly harmless error beyond a reasonable doubt. These assignments of error have no merit.

[4]  In his Assignment of Error Nos. 7 and 8, defendant claims the trial court erred in denying his request to allow one of his counsel to withdraw and testify on his behalf. The parties stipulated that had defendant's counsel been allowed to testify he would have related a prior inconsistent statement of the State's witness. On cross examination, the State's witness testified as follows:

> Q.  And do you remember telling him that the law told you after your arrest that the reason you were arrested is because Ronnie Howell gave the police a description of your vehicle, including the license plate number, and a description of what you looked like and where you would be?

> A.  No sir.

Defendant's counsel then requested that his co-counsel be permitted to withdraw and testify as to a prior conversation with the witness contradicting the above testimony on grounds that the testimony and prior inconsistent statement went to a material, not collateral, issue.

We hold the trial judge properly found the witness's statement was "collateral" and had nothing to do with the material issues of the crime for which defendant was charged. On collateral matters, the cross examiner usually must accept the witness's answer as conclusive and may not contradict it with testimony from other witnesses. *See,* 1 *Brandis on North Carolina Evidence,* § 48 (2d ed. 1982). However, we recognize there are exceptions to this general rule, one of which appears when the "collateral" statement demonstrates bias or interest of the witness toward the cause or the parties. *State v. Murray,* 27 N.C. App. 130, 218 S.E. 2d 189 (1975). In the instant case, the attorney for the defendant specifically objected to the trial judge's ruling on grounds that the witness's statement raised a material issue. Insofar as the objection was to whether the statement was "collateral" or material, the trial judge made a proper ruling. Assuming, however, that the proper specific objection, i.e. that

the statement was within an exception to the rule on "collateral" matters, had been made and overruled, we would find any error to be non-prejudicial and harmless beyond a reasonable doubt.

[5] Finally, through Assignment of Error Nos. 11 and 12, defendant argues the trial judge's instructions to the jury to disregard prejudicial testimony elicited during cross examination by the district attorney failed to cure the prejudicial impact of the testimony. We do not agree with the defendant and find the trial judge's curative instructions to disregard the testimony were sufficient. As the North Carolina Supreme Court stated in *State v. Siler*, 292 N.C. 543, 553, 234 S.E. 2d 733, 740 (1977):

> Ordinarily, where objectionable evidence is withdrawn and the jury instructed not to consider it no error is committed because under our system of trial by jury we assume that jurors are people of character and sufficient intelligence to fully understand and comply with the court's instructions and they are presumed to have done so.

In this case, the prejudicial effect of the witness's remarks was removed by the judge's instructions; accordingly, we find the defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and HILL concur.