TIMMONS-GOODSON, Judge.
James Randall Hardee ("defendant") appeals his conviction of assault with a deadly weapon inflicting serious injury. The State's evidence at trial tended to show: On the evening of 15 May 2002, Larry Bruce Gregory ("Gregory") and Andy Parker ("Parker") were visiting in defendant's residence in Harnett County, North Carolina. The three were watching television and drinking. Defendant's two-year-old daughter was also present. Suddenly, defendant struck Gregory in the mouth with a four foot crowbar, whereupon Gregory ran to a neighboring house to call for assistance. However, before an ambulance could respond to the scene, Parker transported Gregory to the local hospital in Dunn. After being evaluated at the hospital in Dunn, Gregory was sent to University of North Carolina Hospital in Chapel Hill for further treatment. Gregory spent nine days in the hospital where he underwent surgery and had metal plates and screws placed in his jaw. As a result of the incident, Gregory lost all of his bottom teeth and some of his top teeth were cracked.
Gregory and defendant had an altercation earlier that evening. The two had gotten into a shoving match while at Parker's residence, but the disagreement had been resolved by the time Gregory traveled to defendant's residence. Gregory admitted at trial that he had prior convictions for felony breaking and entering, larceny and possession of stolen goods. Gregory also admitted to having been previously convicted of filing a false police report.
Officers from the Harnett County Sheriff's Department responded to the scene and noted that there were large amounts of fresh blood found on defendant's front porch and inside of his residence. Gregory, however, was not present - having already been taken to the local hospital by Parker. When responding deputies asked defendant about the blood, defendant told them that he and his girlfriend had been involved in an earlier altercation. Responding deputies also noticed blood on the carpet, coffee table next to the sofa, and on defendant's daughter.
At the close of the State's evidence, the trial court dismissed the charge of resisting, delaying and obstructing a public officer. Defendant then presented evidence which tended tocontradict that of the State. He first presented the testimony of his fiancé, Tina Lynn ("Lynn"). Lynn testified that she, defendant, and defendant's daughter returned home late on the night of 15 May 2002 after being at the beach for two days. After dropping defendant and his daughter off at his residence, Lynn stated that she went to the grocery store in Lillington to pick up a few items. Lynn denied being at Parker's residence on 15 May 2002, or being in the company of Gregory or Parker on that date. Lynn further denied having had an argument with defendant on 15 May 2002 or one week before that date. Lynn stated that the blood on the porch of defendant's residence did not belong to her.
Defendant testified consistent with Lynn regarding the trip to the beach and their return on the evening of 15 May 2002. He explained that after he and his daughter had been dropped off, Gregory suddenly kicked in the door and entered his residence. Defendant stated that Gregory then knocked him to the floor and began to kick him. Defendant's daughter began to scream. Defendant testified that he feared for his life and, therefore, grabbed a crowbar to defend himself. Defendant posited that Gregory had entered his home to rob him. On cross-examination, defendant admitted that he did not tell responding deputies that Gregory had broken into his house and assaulted him. He explained to the responding officers that the blood on his porch was from a bleeding drunk who had come to his door for assistance some time ago.
At the close of all of the evidence, defendant moved todismiss the remaining assault charge. The trial court denied the motion, and instructed on the charges of assault with a deadly weapon inflicting serious injury and the lesser included offense of assault inflicting serious injury. After deliberating, the jury convicted defendant of assault with a deadly weapon inflicting serious injury. The trial court entered judgment on the jury's verdict, sentencing defendant to thirty-five to fifty-one months imprisonment. Defendant appeals.
On appeal, defendant argues that the trial court erred in denying his motion to dismiss the assault charge because there was insufficient evidence to show that he committed the offense as charged. We disagree.
A motion to dismiss for insufficiency of the evidence is properly denied if, viewing the evidence in the light most favorable to the State, there is substantial evidence that the defendant committed the offense charged. State v. Jarrett, 137 N.C. App. 256, 262, 527 S.E.2d 693, 697 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Oxendine, 150 N.C. App. 670, 673, 564 S.E.2d 561, 564 (2002), disc. review denied, 356 N.C. 689, 578 S.E.2d 325 (2003). Contradictions and discrepancies are matters for the jury and do not warrant dismissal. State v. Gibson, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995). To that end, a defendant's evidence will be considered only if it is favorable and does not contradict the State's evidence. State v. Price, 280 N.C. 154, 157, 184 S.E.2d 866, 868(1971). See State v. Jones, 147, N.C. App. 527, 545, 556 S.E.2d 644, 655 (2001), disc. review denied, 355 N.C. 351, 562 S.E.2d 427 (2002).
To obtain a conviction for assault with a deadly weapon inflicting serious injury, the State must show the following: (1) an assault; (2) with a deadly weapon; (3) inflicting serious injury; (4) not resulting in death. State v. Scott, 161 N.C. App. 104, 109, 587 S.E.2d 485, 489 (2003). An assault is an overt act or attempt, with force and violence, to immediately physically injure another person, with the show of force or violence that is sufficient to put a person of reasonable firmness in fear of immediate physical injury. State v. Haynesworth, 146 N.C. App. 523, 529, 553 S.E.2d 103, 108 (2001).
It is uncontroverted that defendant hit Gregory in the mouth with a crowbar on the night of 15 May 2002. As a result, Gregory spent nine days in the hospital and underwent surgery to have metal plates and screws placed in his jaw. Gregory also lost all of his bottom teeth and some of his top teeth were broken. Gregory did not die as a result of these injuries. This evidence is sufficient to show that defendant assaulted Gregory as charged. Defendant's evidence that he hit Gregory after Gregory broke into his home and attacked him is not properly considered in a motion to dismiss. See Price, 280 N.C. at 157, 184 S.E.2d at 868; Jones, 147 N.C. App. at 545, 556 S.E.2d at 655. Therefore, we conclude that the trial court did not err in denying defendant's motion to dismiss.
We hold that defendant received a trial free from prejudicialerror.
No error.
Judges CALABRIA and LEVINSON concur.
Report per Rule 30(e).